IREDELL WILLIAMS v. SOUTHERN RAILWAY COMPANY.

*Action for Damages—Master and Servant—Negligence— Trial—Instruction.*

1. An employer is required, in the conduct of his business by his servants, to provide only against danger that can reasonably be expected and not against the consequences of accidents that may or may not happen; and whether due diligence has or has not been observed by the employer to guard against injury to his servant is a question for the jury.

2. In the trial of an action by a servant against his master for injuries received from the fall of a timber which was being raised by a rope which slipped off, it was error to instruct the jury that the defendant was negligent if the rope was so fastened that it was " liable " to slip off.

CIVIL ACTION, for damages, tried before *Norwood, J.*, and a jury, at Spring Term, 1895, of SURRY Superior Court. The action was prosecuted by the plaintiff as next friend of his son, a minor, who was injured while in the employment of the defendant and engaged in repairing a bridge on the Northwestern North Carolina Railroad.

The issues submitted to the jury and the responses were as follows :

" 1. Was the plaintiff's son injured and endamaged by the default and negligence of the defendant ?

" Answer, ' Yes.'

" 2. If so, did the plaintiff's son, by his own default and negligence, contribute to the injury he sustained ?

" Answer, ' No.'

" 3. Was the plaintiff's son a minor ?

"Answer, ' Yes.'

" 4. What damage, if any, has plaintiff sustained ?

" Answer, ' Fifty dollars.' "

WILLIAMS *v.* RAILROAD COMPANY.

John Williams, on whose behalf the action was brought, testified :

" We were ending up a log 12x12 by 14 feet long.  I was at the foot of the log ; the rope slipped off and I heard Reister shout, ' Turn it loose,' and it fell on me.  The old posts stood so thick that I could not get out.  I had no notice in time to get out of the way.  Reister hired hands there, and discharged them when he felt like it.  I can walk a little piece now, but when it is hot weather I cannot do anything.  When I lift anything heavy my leg gives way.  I was past eighteen years old when I was hurt.  I was hurt about two miles from Rockford.  Mr. Reister was there when I was hurt ; so was Summers.  Two men were above, pulling the log up by a rope—the lower end of the log was mortised and was to fit into a hole.  I was at the foot, and so were the rest of the hands.  The rope slipped off.  When they said ' Look out,' I felt the log.  The beam fell because the rope slipped off.  There were enough men there to have held the log up if they had not let loose."

W. A. Summers, for defendant, testified :

" I am a sub-foreman on railroad under Mr. Reister.  I was in charge of this work when plaintiff was hurt.  We were raising a timber 12x12 and 14 feet long ; timber had rope on it.  I was at the foot of it.  There were three men back of me (including the plaintiff) lifting the logs.  They were pulling up the log.  When rope slipped off I shouted to them, and they all got away except plaintiff; the log fell on him.  He could have gotten out of the way when the rope slipped off.  The hands that I had there were capable men for the work.  I went to plaintiff and asked him to work his toes, and he did so.  He came to us to get work, and told us that he was 21 years old.  Reister told him that he looked too light.  He said

that he weighed one hundred and fifty pounds. Reister employed him. He went off and got his bedclothes. I always took good care to avoid accidents. I had before this cautioned this boy to be careful. I can't state positively whether the men that had hold of the log could have held it until they all got out of the way. They all let go when I told them to let loose. I am a section foreman now."

W. W. Reister, for defendant, testified :

" I was foreman on railroad woik. When we were raising this log we had capable men. I do not remember how many. Two men were pulling the log up by a rope. Summers was down at the bottom of log. I could not see them. I heard Summers say, " Look out ! " I asked if anybody was hurt. I saw John. He said that he did not think that he was much hurt. He worked his foot. His leg was mashed but not broken. This railroad has no rule forbidding the employment of minors. I had told John that I doubted his being twenty-one years old. I don't know whether the men could have held up the timber after the rope slipped or not."

Among other instructions the court told the jury " that it was negligence to raise the timber with a rope if it was so fastened that it was liable to slip off and injure the said John Williams, or any one else employed under Mr. Reister. and working there that day."

There was judgment for the plaintiff on the verdict, and defendant appealed assigning (among other alleged errors) the instruction above set out.

*Mr. Virgil E. Holcomb*, for plaintiff.
*Messrs. Glenn & Manly*, for defendant (appellant).

AVERY, J.: It was conceded by both parties that the foreman or superintendent of the work were both repre-

sentatives of the company and not fellow servants of the plaintiff's injured son. That admission puts the first question that would have arisen in the natural order of inquiry in this case behind us. If such was the relation subsisting at the time of sustaining the injury, an act of the boy which ordinarily would have been deemed negligent because it exposed him to apparent danger would not, if done suddenly under the command of his superior, have made him culpable, because the law assumes that his conduct was influenced by a well-founded fear of losing employment if he disobeyed the order. *Turner* v. *Lumber Co.*, at this Term; *Mason* v. *Railroad*, 111 N. C., 482; SECTION, 114 N. C., 718; *Logan* v. *Railroad*, 116 N. C., 940. The court told the jury, however, that " it was negligence to raise a log with a rope, if the rope was so fastened that it was *liable* to slip off and injure John Williams or any one else employed under Reister and working there that day." The word " liable " must be interpreted in this connection in its application to the manner of tying the rope, in the sense of " exposed to the casualty or contingency more or less probable " of slipping off the log. Webster's Dictionary. The jury were warranted in drawing the inference that if the rope was so tied that by any accident due to any cause, however unexpected, it might slip off, the defendant was guilty of negligence and answerable for the injury. Persons, natural or artificial, are wanting in ordinary care if they fail to take precaution to prevent others from being subjected to danger, when by reasonable diligence, and without omitting to discharge a higher duty, they can avert such peril. But the law requires of all the exercise only of such a degree of diligence in the management of their own affairs, whether as to what is done or left undone by them, that they do not unnecessarily subject others to danger that might natur-

ally have been expected as a consequence of such acts or omissions. *Turner* v. *Lumber Co., supra; Blue* v. *Railroad*, 116 N. C., 955; *Little* v. *Railroad*, 118 N. C., 1072; *Tillett* v. *Railroad*, 118 N. C., 1031. The foreman was not bound to so fasten a rope as to insure all of the employees of the company who were assisting in raising the timber against casualties. His duty was done when he provided against what could reasonably have been expected, not against the consequences of accident that might or might not happen. *Emry* v. *Railroad*, 102 N. C., 209 at p. 226. The court below erred in so defining the duties of the defendant as to require it to provide against all accidents caused by defective appliances or machinery, or the failure to arrange and handle appliances in the safest possible manner. Whether due diligence has or has not been shown, to discover and guard against injury, as a result of the conditions shown to have existed, is a question for the jury. *Mason* v. *Railroad, supra.*

Did the defendant exercise reasonable care to provide for the safety of those engaged in raising the timber? It was the province of the jury to answer this inquiry. In the aspect of the evidence presented in plaintiff's request, it was error to tell them that in law the defendant was negligent.

It did not necessarily follow, because the jury thought it possible for all of the employees to have held up the log after the rope had slipped, that the foreman was culpable for telling all to get out of the way. The others did escape unhurt. The question whether all might have held it up was one as to which either of two inferences might have been drawn by the jury, and either would have been based merely upon the opinion of a witness.

For the error mentioned, a new trial is granted.

New Trial.