AVERY v. RAILROAD.

(Filed December 6, 1904).

1. NEGLIGENCE—*Fellow-servants—Independent Contractor—Acts (Private) 1897, chap. 56.*

    The statute providing that railroad companies shall be liable for injuries to employees by the negligence of fellow-servants has no application to injuries sustained by the servant of an independent contractor of a railroad company by reason of the negligence of a fellow-servant.

2. CONTRIBUTORY NEGLIGENCE—*Nonsuit—Independent Contractor.*

    In an action for injuries to a servant alleged to be in the employ of defendant railroad company, which claimed that its co-defendant was an independent contractor, a nonsuit on the ground of contributory negligence, prior to the determination of the relationship between the defendants, is erroneous.

ACTION by Rufus Avery against W. J. Oliver and the Southern Railway Company, heard by *Judge M. H. Justice,* at June Term, 1904, of the Superior Court of BURKE County.

The plaintiff brought this action to recover damages for injuries to himself which he alleges were caused by the negligence of the defendants. The testimony tended to show that he was employed by one Walter Queen, foreman of defendant Oliver, the latter having been employed by his co-defendant, the Southern Railway Company, to lower a grade on the line of its railway about one mile west of Morganton. In order to do the work, it was necessary to remove earth and rock from a cut, which was carried in cars over the road of defendant company to a place where the grade was being raised by it about two miles east of Morganton and dumped there from the cars. While the plaintiff was thus employed Walter Queen ordered him and others to go behind one of the dump-

cars, which was on a trestle and knock the chains loose and dump the car which was loaded with earth and stone. He obeyed the order and tilted the car but it would not dump the contents, and, on account of the greater weight of the earth and stone at the end of the car where he was placed, it fell back, caught and injured him. The cars were secured by chains on each side, and, when they were dumped, the stay-chains were unfastened on what appeared to be the lightest side, so that the car would dump from the other side by reason of the greater weight there. If it did not dump, the hands would go on the side where the chains were loose and push the car over, without unfastening the chains on the other side, which were intended to stay the car or to keep it in the proper position and to prevent it from rebounding and injuring the hands. The chains on the other side had been unfastened by one of the hands, Will Largent, and the plaintiff knew, at the time he attempted to dump the car, that the chains on that side were loose, but did not think it was his business to have them fastened. If the chains on that side had been fastened the accident would not have occurred, and the plaintiff knew this at the time. "The right way to dump is to fasten the chains on the other or opposite side of the car and keep out of the way." There was further testimony tending to show that one Parsons, an engineer of the defendant company, was in charge of the work when Oliver was doing the grading. He showed how to make the grading and set pegs and inspected the work. McDowell testified that Parsons was the resident engineer of defendant company and had charge as engineer of the work Oliver was doing, and everything was under his control. He would sometimes direct the work and the dumping. "He was all over the work." He would tell the hands where to dump the rock. Oliver had charge and employed his own hands, but Parsons di-

rected the work. A freshet washed the piles away and Parsons directed the work of restoration.

· This is a sufficient statement of the evidence to present the view taken by this Court of the case. At the close of the testimony for the plaintiff the Court, on motion of defendant, nonsuited the plaintiff, who excepted and appealed.

*Avery & Avery* and *Avery & Erwin,* for the plaintiff.
*J. T. Perkins,* for defendant Oliver.
*S. J. Ervin,* for defendant Southern Railway Company.

WALKER, J., after stating the facts. In an action for negligence the first issue always is, Was the plaintiff injured by the negligence of defendant? When contributory negligence is pleaded, the next issue is, Did the plaintiff by his own negligence contribute to his injury? And in a case like this one these are the only issues necessary to be submitted to the jury in order to ascertain whether the plaintiff has established his cause of action, as the third issue, sometimes submitted when the last clear chance to avoid the injury may have been open to the defendant, does not arise. The issue as to damages merely determines the amount of the recovery and does not affect the cause of action, for if the plaintiff succeeds in the action he is entitled to recover something, at least nominal damages. In this case the issues being those relating to negligence and contributory negligence, it was necessary before the latter issue could be reached, that the jury should have found with the plaintiff on the first issue, namely, that the plaintiff was injured by the negligence of the defendants. If the defendant Oliver was an independent contractor, employed by the railway company to do the work specified in their contract, and not subject to the control and direction of the railway company, and the plaintiff was a servant in the employ of Oliver at the time he was hurt, the

defendant company is not liable for the injury to him. If Oliver was an independent contractor, he is not liable to the plaintiff because the injury was caused by the act of a fellow-servant, as appears by the plaintiff's own testimony, and there is none to the contrary. The direct cause of the rebound of the car, which struck the plaintiff, was the loosening of the chain on the north side, and this was done by Largent, who was in the same service with the plaintiff and actually co-operating with him at the time of the occurrence. Again, it may be said if Oliver was an independent contractor the question of the assumption of risk by the plaintiff may arise, because, when the servant enters into the employ of the master he assumes all of the ordinary perils and dangers of the service, though not those arising from the negligence of the master. It is incumbent on the master to furnish a reasonably safe place for the servant to perform his work, and reasonably safe machinery and appliances with which to do his work. *Marks v. Cotton Mills,* 135 N. C., 287; *Witsell v. Railroad,* 120 N. C., 557. When he has discharged this duty towards his servant, the latter then assumes all risks which may be incident to the service in which he is employed. These principles are of course modified, as to railway companies, by the Act (Private) of 1897, chap. 56, but they apply to individuals and to other corporations. It has always been held that one of the risks ordinarily incident to the service is the negligence of a fellow-servant. If in this case, therefore, the injury was caused by the negligence of Largent, who was the plaintiff's fellow-servant, the defendant Oliver, if he was an independent contractor, is not liable to the plaintiff, and of course the other defendant cannot be, as its liability depends upon that of Oliver, and even if the latter was negligent and thereby caused the injury the railway company would still not be liable unless Oliver was its servant and not, as we have said, an independent con-

tractor. It became necessary, therefore, to determine the relation of the defendants to each other. The Court should have submitted this question to the jury with proper instructions as to the law, so that it might first be ascertained whether Oliver was an independent contractor, for if he was and the negligence of Largent, a fellow-servant, caused the injury to the plaintiff, the Act of 1897 would not apply, and the defendants would be acquitted of any and all liability, not because of any negligence on the part of the plaintiff which contributed to the injury, but for the reason that there was no negligence on the part of the defendants, as the law would attribute the injury to the negligence of the fellow-servant, which was one of the risks and perils of the service assumed by the plaintiff. The question of contributory negligence could not, therefore, arise in that state of the case. The error of the Court consisted in holding that the case turned in the present stage of it upon the contributory negligence of the plaintiff, whereas that question was not presented, unless there was prior negligence on the part of the defendants. The defendants, indeed, may have been negligent and it may become necessary in the development of the case to consider the issue as to the plaintiff's negligence, but the evidence now before us is such as to require the jury to first decide whether there was any negligence of the defendants upon the principles we have stated. The decision of the case by nonsuit upon the second issue was consequently premature.

We will not undertake to decide whether the evidence, taken in the most favorable light for the plaintiff, makes out a conclusive case of negligence on his part, which proximately caused the injury, but we will leave that question open for discussion if the case should again come before us. The evidence may be materially changed at the next trial. It is undoubtedly true, as argued by counsel, that if a servant is

ordered to do certain work and he attempts to do it in a way that is unsafe when there is a perfectly safe way to do it, or if he does the work with a machine or implement which, in the language of the present *Chief Justice,* "is so grossly or clearly defective that the employee must know of the extra risk," he is deemed "to have voluntarily and knowingly assumed the risk," and if he is injured he cannot complain of his employer. *Lloyd v. Hanes,* 126 N. C., 359; *Whitson v. Wrenn,* 134 N. C., 86. The negligence of the servant which defeats his recovery depends not only upon the danger but upon its obviousness. He is not permitted to do that which will necessarily result in injury to himself, and then hold his master responsible, because in such a case his act is willful and therefore voluntary, and no man can by his voluntary and wrongful act impose liability upon another. *Volento non fit injuria.* What we have said is subject of course to the full operation of the Act of 1897. If Oliver was an independent contractor, the act does not apply; if he was not, but was an agent or servant of the defendant company, it does apply. In the latter case, the question of contributory negligence will arise. It will also arise in the former case if the jury should find that Oliver was an independent contractor, but that the injury was not due to the negligence of a fellow-servant. If, however, they should find that it was caused by the negligent act of a fellow-servant it would not be necessary to consider the plaintiff's negligence. There was error in nonsuiting the plaintiff.

New Trial.