(96 South. 239)

**ALABAMA GREAT SOUTHERN R. CO. v. SMITH. (6 Div. 855.)**

(Supreme Court of Alabama. April 26, 1923.)

**1. Railroads ⟨⟩424—Plea alleging dog was "liable" to be struck by train held bad.**

A demurrer was properly sustained to a plea that plaintiff was guilty of negligence in that he knew that his dog had a roving disposition, and that the dog frequented the railroad track, and was liable to be struck by trains, and, notwithstanding such knowledge, plaintiff negligently failed to do anything to prevent the dog from being on or near the railroad track, the ground of objection being that the negligence averred did not constitute contributory negligence, the phrase "liable to be struck" not being the equivalent of "probably be struck," and the word "liable" referring to a future possible or probable happening which may not actually occur, and relating to an occurrence within the range of possibility (citing Words and Phrases, Second Series, "Liable").

**2. Railroads ⟨⟩424—Owner under no duty to keep dog off the track.**

Plaintiff was under no duty to keep his dog off of defendant's railroad track, and his failure to do so was not in any legal sense the proximate cause of the dog's death.

**3. Evidence ⟨⟩13—Judicially known that dogs are intelligent.**

Courts judicially know that dogs as a class are intelligent enough to understand the danger of being run over by trains or other vehicles and alert enough to avoid such danger under ordinary circumstances.

**4. Trial ⟨⟩68(3)—Reopening for admission of evidence not permissible after argument or after argument waived.**

Under Code 1907, § 5351, a case cannot be reopened for additional evidence after the conclusion of the argument; and when argument is waived that is in legal effect the same as a closing of the argument.

**5. Evidence ⟨⟩22(1) — Court bound to know that certain railroad a trunk road.**

Trial court was bound to know that the Alabama Great Southern Railroad is a trunk road, that Irondale is on its main line, and that it operates thereover daily numerous trains of cars, being matters of common knowledge of which proof was wholly unnecessary.

**6. Appeal and error ⟨⟩1047(4)—Reopening for admission of evidence of matters judicially known not prejudicial.**

Reopening case after close of argument and permitting the admission of testimony as to facts which the court is bound to judicially know could not have prejudiced the defendant, and this was true as to a suggestion by the trial judge that there was an absence of such evidence.

**7. Animals ⟨⟩44—Noncompliance law does not prevent recovery for injury to dog.**

A dog owner's noncompliance with the provisions of the Dog Law of 1919 did not pre-

vent the recovery of damages from one who wrongfully injured the dog.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for damages by Almoth E. Smith against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

It is the duty of a person to observe and avoid danger to his person and property. Lincoln v. Appelachian Corp., 146 La. 23, 83 South. 364, 7 A. L. R. 1697; Hertz v. Advertiser Co., 201 Ala. 416, 78 South. 794, L. R. A. 1918F, 137; Zimmer v. Fox River Co., 118 Wis. 614, 95 N. W. 957; Kendrick v. Towle, 60 Mich. 363, 27 N. W. 567, 1 Am. St. Rep. 526; A. G. S. R. Co. v. Roach, 110 Ala. 266, 20 South. 132. It was error for the trial court to reopen the case and allow appellee to prove that trains ran up and down the tracks where the dog was killed. Code 1907, § 5351; W. U. Tel. Co. v. Bowman, 141 Ala. 175, 37 South. 493; Dyer v. State, 88 Ala. 225, 7 South. 267; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Drum v. Harrison, 83 Ala. 388, 3 South. 769. Evidence called for ex mero by the judge, after the case is submitted, is unauthorized, and will be disregarded on appeal. Sowers v. Shiff, 15 La. Ann. 300; Grider v. Talley, 77 Ala. 422, 54 Am. Rep. 65; Merlette v. State, 100 Ala. 42, 14 South. 562. Failure to prove the dog was the property of plaintiff constituted a fatal variance. Ward v. State, 48 Ala. 163, 17 Am. Rep. 31; Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559; Barefield v. State, 16 Ala. App. 491, 79 South. 396; Acts 1919, p. 1078.

Nesbit & Sadler, of Birmingham, for appellee.

Appellant's special plea was subject to demurrer. T. A. & G. R. R. v. Daniel, 200 Ala. 600, 76 South. 958; A. G. S. R. Co. v. McDaniel, 192 Ala. 639, 69 South. 60; Sou. Ry. Co. v. Dickens, 153 Ala. 283, 45 South. 215. It was within the court's discretion to allow plaintiff to make further proof of a fact generally known. W. U. Tel. Co. v. Bowman, 141 Ala. 175, 37 South. 493; Mooneyham v. Herring, 204 Ala. 332, 85 South. 390. There was no suggestion on the trial that plaintiff had failed to comply with the law in paying taxes on the dog, and in the absence thereof it is presumed that the law has been complied with. Freeman v. Blount, 172 Ala. 655, 55 South. 293; Nelms v. Edinburgh-American Land Co., 92 Ala. 157, 9 South. 141; W. U. Tel. Co. v. L. & N. R. Co., 202 Ala. 542, 81 South. 44.

SOMERVILLE, J. The action is for the negligent killing of plaintiff's dog by the defendant railroad company.

Besides the general issue, defendant pleaded specially as follows:

"The plaintiff himself was guilty of negligence that proximately contributed to the death of his dog in this: Plaintiff knew that said dog had a roving, rambling disposition, and that said dog frequented the defendant's railroad track and was liable to be struck by passing trains, and, notwithstanding said knowledge, plaintiff negligently failed to do anything to prevent said dog from being upon or dangerously near defendant's railroad track on the occasion complained of, which conduct on plaintiff's part proximately contributed to the death of his said dog."

[1] A demurrer to this plea was sustained; the ground of objection being that the negligence averred did not constitute contributory negligence. We think the demurrer was well sustained.

In C. of G. Ry. Co. v. Martin, 150 Ala. 388, 43 South. 563, a special plea set up the fact that—

"By reason of the said acts and conduct of said plaintiff [i. e., in walking along the railroad track, accompanied by the dog] the said dog was put in a perilous position on and along said railroad track, * * * and by reason thereof * * * was run over by one of the trains of said defendant. * * *"

Said the court:

"It [the plea] seems to assert broadly that, because plaintiff was a trespasser upon the defendant's track and knowingly permitted his dog to be upon the track, by reason of that fact, notwithstanding the negligence of defendant's trainmen, he should not be allowed to recover. The plea, in our opinion, was clearly bad. * * * And this is in line with the uniform holding of this court that the acts and conduct of the owner of animals in permitting them to run at large and trespass on the tracks of the railroad will not preclude him from recovering for the injury done them. A. G. S. R. R. Co. v. Powers, 73 Ala. 244, and cases there cited."

This is on the theory that—

"To deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." Southern Ry. Co. v. Dickens, 153 Ala. 283, 45 South. 215; M. & O. R. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 South. 17.

[2] Plaintiff was under no duty to keep his dog off of defendant's roadway, and his failure to do so was not, in any legal sense, the proximate cause of the dog's injury. A. G. S. R. R. Co. v. McDaniel, 192 Ala. 639, 646, 69 South. 60.

It will be observed that defendant's plea predicates contributory negligence upon three facts: (1) Plaintiff knew that the dog was of a roving disposition, and that he often went upon defendant's roadway; (2) plain-

tiff knew that the dog was, in that event, "liable" to be struck by passing trains; and (3) plaintiff "negligently failed to do anything to prevent said dog from being upon or dangerously near defendant's railroad track on the occasion complained of." In legal effect, the plea asserts that, because of plaintiff's general knowledge that the dog often went on the track, and might therefore be struck by a train, it was plaintiff's duty to either prevent the dog from running at large, or else to attend his movements and keep him away from dangerous places. This is, of course, not the law.

[3] The phrase "liable to be struck" is not the equivalent of "probably would be struck." The word "liable" refers to a future possible or probable happening which may not actually occur. An event is liable if its occurrence is within the range of possibility. Beasley v. Linehan Transfer Co., 148 Mo. 413, 50 S. W. 87, 89; Home Ins. Co. v. P. & U. Ry. Co., 178 Ill. 64, 52 N. E. 862, 863; Williams v. Southern Ry. Co., 119 N. C. 746, 26 S. E. 32; 5 Words and Phrases, 4110. Moreover, courts judicially know that dogs as a class, are intelligent enough to understand the danger of being run over by trains or other vehicles, and alert enough to avoid such danger under all ordinary conditions. Ala. 'City, etc., Ry. Co. v. Lumpkin, 195 Ala. 290, 294, 70 South. 162. Hence the allegation that a dog that goes on a railroad track is "liable" to be struck by a passing train is essentially the statement of a mere danger or possibility, too remote and conjectural to impose upon his owner any precautionary duty in the premises.

At the conclusion of the testimony the case was submitted to the court for determination without argument. The judge thereupon remarked that he did not recall any evidence as to trains running over this railroad. Counsel for plaintiff then asked the court to reopen the case and allow him to introduce the omitted evidence. The request was granted and the evidence introduced over defendant's objection. Under the common-law practice, such a procedure was discretionary with the trial court, and subject to revision only for its injurious abuse. 38 Cyc. 1367, (iv), 1368, (v); W. U. T. Co. v. Bowman, 141 Ala. 175, 37 South. 493. Section 5351 of the Code of 1907 provides:

"The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."

[4] The restrictive language found in this statute must have been adopted deliberately as a restraint upon the laxity of the common-law practice. We are constrained to hold that under this statute a case cannot be reopened for additional evidence after the conclusion of the argument. And, of course, when argument is waived, that is in legal effect the same as a closing of the argument. The reopening of the evidence in this case was therefore unauthorized and erroneous.

[5, 6] Nevertheless the trial court was bound to know that the Alabama Great Southern Railroad is a trunk road, that Irondale is on its main line, and that it operates thereover daily numerous trains of cars. Those are matters of common knowledge, of which proof was wholly unnecessary. See Smith v. N. Y. Cent. R. R. Co., 43 Barb. (N. Y.) 225, 231; Railway v. State, 72 Tex. 410, 10 S. W. 81, 1 L. R. A. 849, 13 Am. St. Rep. 815; 7 Ency. Evi. 943, D. Hence the action of the trial court in allowing such proof, however unauthorized, was without prejudice to defendant, and cannot avail for the reversal of the judgment.

For the same reason, the suggestion by the trial judge that there was an absence of such evidence cannot be complained of, under any view of its propriety or impropriety.

[7] Upon very full and deliberate consideration, we held in the case of A. G. S. R. R. Co. v. Wedgworth, 208 Ala. 514, 94 South. 549, that a dog owner's noncompliance with the provisions of the Dog Law of 1919 (Laws 1919, p. 1077) did not prevent the recovery of damages from one who wrongfully injured the dog. That ruling was reaffirmed in L. & N. R. R. Co. v. Watson, 208 Ala. 319, 94 South. 551, and the law must now be regarded as settled.

We find no error in the record of which defendant can complain, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.