14 So.2d 741

## GUSTIN v. DINSMORE.

8 Div. 330.

Court of Appeals of Alabama.

Aug. 10, 1943.

Russell W. Lynne, of Decatur, for appellant.

John W. Sherrill, Jr., of Decatur, for appellee.

RICE, Judge.

This suit was brought by the appellee, plaintiff in the trial court, against appellant, defendant in the trial court, on a note.

The appellant was an endorser on the note and his defense to this suit was the releasing of a prior endorser.

■ It, of course, is the law that "a person secondarily liable [as defendant, appellant, here] on the instrument [such as here sued on] is discharged * * * By the discharge of a prior party." Code 1940, Tit. 39, § 116.

The note here sued on was executed by one Rudolph Smith, payable to appellee. It was endorsed in turn by one Price Landers, one J. L. Manahan, one L. Willoughby, one Bruce Dement, appellee, and one David Nichols.

Upon the trial testimony, undisputed, was introduced by appellant that prior to the suit Price Landers had been released from liability on the note.

The testimony was closed; the parties rested their case; and argument was "waived". Whereupon, the plaintiff, appellee, moved the court to re-open the case, and allow her to introduce other and further testimony. This motion, over appellant's strenuous objection, was granted; and other testimony introduced creating a dispute as to whether or not Price Landers, a prior endorser, had been released from liability.

■ The action of the court referred to in the last next preceding paragraph constituted error for which the judgment appealed from must be reversed.

■ The fourth headnote to the report of the case of Alabama Great Southern R. Co. v. Smith, 209 Ala. 301, 96 So. 239, fully borne out by the opinion in the case, is in this language: "Under Code 1907, § 5351 [identical with Code 1940, Tit. 7, Sec. 252—now controlling], a case cannot be reopened for additional evidence after the conclusion of the argument; and when argument is waived that is in legal effect the same as a closing of the argument."

We see no need to repeat the able discussion of the late Justice Somerville in the opinion in this case of Alabama Great Southern R. Co. v. Smith. It simply "concludes the argument," here. Code 1940, Tit. 13, Sec. 95.

The judgment is reversed and the cause remanded.

Reversed and remanded.