246 So.2d 472

**Pete BIGGS**

**v.**

**STATE.**

**8 Div. 84.**

Court of Criminal Appeals of Alabama.

March 30, 1971.

· MacDonald Gallion, Atty.Gen., and Joseph G. L. Marston, III, Asst.Atty.Gen., for the State.

J. Leslie Doss, Jr., Decatur, for appellant.

PRICE, Presiding Judge.

The appellant was convicted of the offense of issuing worthless checks in violation of Act. No. 566, November 19, 1959, (Title 14, Sec. 234(4) unofficial recompiled Code 1958).

It is undisputed in the evidence that defendant bought deliveries of minnows from the prosecuting witness, C. W. Gheen, on three separate dates in April of 1969. Three checks drawn on the First National Bank of Decatur on the following dates in April, 1969: April 17, $502.50; April 23, $700.00; April 30, $725.00, in payment for the minnows were returned unpaid for insufficient funds.

The defendant testified he had previously informed Mr. Gheen of his financial status and told him if any checks were returned to notify him and he would make them good. He gave Mr. Gheen a check for $457.00 and payment was refused and he paid Mr. Gheen the money. However, he did not tell Mr. Gheen that he did not have the money in the bank when he gave him the three checks in question.

Mr. Gheen, on cross examination, admitted he had received a check for $457.00 from defendant on April 11, 1969, which was subsequently returned by the bank and paid by the defendant; that defendant told him he had changed banks and it might be returned. Mr. Gheen stated he considered the amount owed him to be an open account and admitted filing a claim for the amount of the checks in the bankruptcy court.

■ At the close of the state's case defendant moved to exclude the evidence on the ground that no intent to defraud was proven. The overruling of this motion was not error. Section 234(5) Title 14, Code, supra, provides:

"As against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft, or order payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or on deposit with, such bank, person, firm or corporation."

The undisputed evidence made out a prima facie case against the defendant.

■ During the presentation of the state's case, the state sought to introduce into evidence the checks in question. Defense counsel objected to the introduction of the checks until there was an opportunity to cross examine the complaining witness or to take him on voir dire. The court reserved a ruling until after cross examination, and the checks were marked for identification only. After judgment was rendered, sentence pronounced and notice of appeal given, defense counsel reminded the court that the checks were never introduced. Thereupon the court stated it would "ex mero motu reopen and admit these checks into evidence, these exhibits 1, 2 and 3 of the State." Defense counsel objected to the reopening of the case and the admission of the checks in evidence.

Title 7, Section 252, Code 1940, provides:

"The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."

This statute applies in criminal cases, Pugh v. State, 239 Ala. 329, 194 So. 810; Nichols v. State, 276 Ala. 209, 160 So.2d 619; Jessup v. State, 43 Ala.App. 517, 194 So.2d 570.

There was error here in reopening the case for the introduction of this evidence. Davis v. State, 20 Ala.App. 463, 103 So. 73; Alabama Great Southern R. Co. v. Smith, 209 Ala. 301, 96 So. 239; Ex parte Alabama Marble Company, 216 Ala. 272, 113 So. 240. However, the defendant admitting signing the checks and that payment was refused by the bank. The cases were tried before the court, sitting without a jury. The record clearly shows the checks were exhibited to the court and were before him during the trial. The error in allowing them to be formally intro-

**588**

duced later was without injury to defendant. Supreme Court Rule 45.

■ A separate case was made for each of the three checks, but by agreement they were tried together and consolidated for appeal.

Defendant was adjudged guilty and was sentenced to hard labor for thirty days as punishment. Title 14, § 234(7) Code, supra, expressly provides for the imposition of hard labor on the second or any subsequent conviction of such offense, when the conviction arises out of the issuance of a check dated subsequent to the date of the conviction of the first offense.

The record is silent as to a previous conviction and fails to show that the present conviction arose out of the issuance of a check dated subsequent to the date of any prior conviction. The sentence to hard labor is unauthorized.

The judgment is affirmed but the cause is remanded for proper sentence.