Arson, second degree; sentence: eight years imprisonment.
The appellant was charged with setting fire to a padded jail cell in which he was confined. This is the second appeal of this case. It is unnecessary to restate the facts as they are set out in our first opinion in Harris v. State, Ala.Cr.App.,358 So.2d 482 (1978).
 I
The appellant contends that the State's evidence was insufficient to support his conviction for arson which is raised by appellant's motion to exclude the State's evidence and motion for a new trial. In Harris v. State, supra, we found that the evidence presented was clearly sufficient to establish a prima facie case against the appellant. The evidence presented in this appeal is substantially the same as that upon which the first appeal was taken, and we likewise find it sufficient to establish a prima facie case against the appellant.
 II
Although the appellant took no exception to the oral charge of the trial court, he contends that the trial court erred in refusing the following requested charges:
 "9. The Court charges the jury that the evidence in this case is partially circumstantial, and Defendant's innocence must be presumed by the jury until his guilt is proven by the evidence, in all the material aspects in the case, beyond a reasonable doubt and to a moral certainty."
 "16. The Court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are, they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the Defendant is innocent."
 "17. The Court charges the jury that the evidence in this case is circumstantial, and the Defendant's innocence must be presumed by the jury until the case against him is, in all its material circumstances, proved beyond any reasonable doubt; and for you to find him guilty as charged, you must find the evidence so strong and cogent as to prove the Defendant's guilt to a moral certainty and beyond a reasonable doubt."
 "18. The Court charges the jury that part of the evidence in this case is circumstantial, and the Defendant's innocence must be presumed by you until his guilt is proven by the State in all material aspects, and unless you so find from the evidence, you cannot convict the Defendant."
 "19. The Court charges the jury that the evidence in this case is circumstantial, and Defendant's innocence must be presumed by the jury until his guilt is established by the evidence, in all the material aspects in the case, beyond a reasonable doubt and to a moral certainty."
With the exception of Charge 17, each of those charges were presented to this court in appellant's first appeal, 358 So.2d at 486. In that opinion, we held that Charges 9 and 19 were elliptical in nature and were fairly and substantially covered in the court's oral charge. Charge 18 in that case did not meet the principles established in Ex parte Acree, 63 Ala. 234
(1879). We held that Charge 16 should have been given, and the *Page 981 
refusal to do so constituted reversible error, id. at 486-87.
After a review of the instant record, we find no error was committed by the denial of the above requested charges. Although Charges 9 and 19 are no longer elliptical, they were fairly and substantially covered in the trial court's oral charge. Section 12-16-13, Code of Ala. 1975. Charge 16 (upon which the prior reversal was based) was given nearly verbatim by the trial court in its oral charge. Charge 17 was fairly and substantially covered by the trial court's oral charge, and Charge 18 again does not meet the requirements of Acree, supra.
 III
Although only the issue of the refused charges was expressly presented on this appeal, it is our statutory duty to search the record for any error which was duly preserved at trial. Section 12-22-240, Code of Ala. 1975. Therefore, four other points raised only at trial have been considered.
 A
During the course of the trial, the State elicited testimony from Charles Cochran, a fire inspector for the Florence Fire Department, concerning the composition of the padding and its flammability. The pertinent testimony is as follows:
 "Q. All right, do you know what the padding itself was constructed of?
"A. Yes, sir, it was a form of foam.
 "MR. HOLT: We object to that. The proper predicate had not been laid.
"THE COURT: All right, lay a predicate.
 "Q. Had you made an inspection of the Jail prior to that time?
"A. Yes, sir, I have made inspections.
"Q. And of the padded cell?
"A. Yes, sir.
 "Q. And was that in your capacity as the Fire Inspector of the City of Florence?
 "A. Yes, sir, I did make inspections of the Jail area, yes.
 "Q. And would you tell us what type of — what the padded cell — what the padding itself was constructed of?
"A. Okay.
 "MR. HOLT: We object because the proper predicate has not been laid.
 "THE COURT: Overrule, you may cross examine him on that subject.
"MR. HOLT: May I ask him on voir dire?
 "THE COURT: No you may cross examine him on the subject later.
 "A. It was on the — it was a foam polyurethane with foam rubber.
"Q. What is that made of?
 "A. Okay, it's a petroleum product and the foam rubber was covered by neal-preem (sic) covering.
"Q. What is neal-preem (sic)?
 "A. Okay, it's a type of vinyl that is used, you know, where it can be cleaned up and washed.
 "Q. Is this a — do you know whether or not the substance contained therein was padding and whether or not it's highly flammable?
 "MR. HOLT: We object. The proper predicate is not laid.
"THE COURT: Overruled.
 "A. Usually a type of foam rubber is highly flammable, yes.
"Q. If it's made out of oil?
"A. Yes. Right.
 "MR. HOLT: We object to that. It's leading and suggesting.
"THE COURT: Again overrule. Go ahead."
First, appellant objected to this testimony on the basis that an improper predicate had been laid, presumingly, establishing Mr. Cochran's qualifications to testify on this matter. It was brought out that Mr. Cochran had been a fire inspector for six years, attended investigative schools and seminars, and inspected some two or three hundred fires.
The determination as to the competency of an expert to testify concerning a specific field is within the sound discretion of the trial court which will not be disturbed on appeal unless palpably erroneous. *Page 982 Sharp v. Argo-Collier Truck Lines Corp., Ala., 356 So.2d 147
(1978); Griffin v. Gregory, Ala., 355 So.2d 691 (1978); Chatomv. State, Ala., 348 So.2d 838 (1977); Luckie v. State,55 Ala. App. 642, 318 So.2d 337, cert. denied, 294 Ala. 764,318 So.2d 341 (1975); § 12-21-160, Code of Ala. 1975. The facts indicate Mr. Cochran to be qualified to testify on this matter and, consequently, the trial court's overruling of appellant's objections was not error.
In any event, testimony that the padding was highly flammable is not prejudicial to the appellant. The fact that the material in the cell was highly flammable would indicate that the fire could have started accidentally from faulty wiring or other cause. On the other hand, if the foam padding had been difficult to ignite, then it would have appeared more likely that the fire had to have been deliberately set. Thus, the expert testimony here would have been favorable to the appellant rather than prejudicial.
 B
Appellant requested a voir dire examination of Mr. Cochran which was denied by the trial court. The court instead instructed counsel for appellant that he had a right to cross-examine the witness.
We find no error in refusal of the trial court to interrupt the examination of a witness to allow opposing counsel to examine that witness on "voir dire." Holifield v. State, Ala.Cr.App., 347 So.2d 559, 560 (1977); State v. Wilbanks,289 Ala. 166, 266 So.2d 619 (1969).
 C
The jury, after commencing its deliberations, requested to rehear the testimony of the jailer, Lyle Wilkes. The jury specifically requested to rehear those portions dealing with Mr. Wilkes' search of the appellant and whether or not he knew of appellant's threats to burn the jail down. Appellant objected, stating that such would place undue emphasis on a certain portion of the testimony and thereby take it out of context. The trial court overruled appellant's objection, but modified the jury's request and allowed all of Mr. Wilkes' testimony to be replayed. Before listening to the testimony, the jury was instructed by the trial court as follows:
 "Now, Ladies and Gentlemen, you have also requested that you be allowed to hear a portion of Jailer Wilkes' testimony concerning whether or not he knew about a threat to burn the Jail and concerning evidence of a search immediately before into the cell.
 "In order not to give any portion of his testimony undue weight or in order not to make that portion of the testimony stand out, we're going to play back for you the tape of his entire testimony and you are to listen carefully to that testimony. It will be impossible for us to stop the tape and to play back portions of it. So what I'm saying to you is, Ladies and Gentlemen, you'll have to listen very carefully and you'll have to again have this one additional opportunity to hear his testimony in its entirety. We will not stop the tape and play back portions of it for you. We'll play it all the way through. Now, there is one portion at least where you went into the Jury Room and where we handled a matter outside of your presence and we'll skip that portion. And again, you are not to take Jailer Wilkes' testimony and give it undue precedence or undue prominence in your deliberations. You are to take that testimony in its entirety and weigh it just as you would the testimony of any other witness in this cause and you are to remember the testimony of all the witnesses and weigh all the testimony together and make it speak the truth if you can."
It is within the trial court's discretion to have the testimony of certain witnesses read to the jury after their retirement and upon their request. After a jury has reported its inability to agree on a verdict (as was the case here in view of the fact that at one time the jury was split seven to five), the trial judge must exercise extreme care in permitting any evidence to *Page 983 
be restated or reread to the jurors so that undue emphasis will not be placed on portions of the testimony. Mullins v. State, Ala.Cr.App., 344 So.2d 539 (1977); Jenkins v. State,51 Ala. App. 521, 287 So.2d 233 (1973). It is clear that in following its sound discretion, the trial court followed this procedure to avoid any additional weight being given the replayed testimony. Consequently, appellant's objection was properly overruled.
 D
The jury, in addition to requesting a rehearing of certain testimony, requested to view the padded cell. Appellant timely and vigorously objected stating that the condition of the cell had been materially altered from the time of the fire; that such would place undue emphasis on a portion of the case that was not offered into evidence; and that granting this request would amount to an introduction of new and additional evidence after submission of the case to the jury.
Section 15-14-4, Code of Ala. 1975, provides that:
 "The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."
In referring to the same provision appearing in the 1907 Code, our Supreme Court stated: "The restrictive language found in this statute must have been adopted deliberately as a restraint upon the laxity of the common law practice. We are constrained to hold that under this statute a case cannot be reopened for additional evidence after the conclusion of the argument." Alabama Great Southern Railway Co. v. Smith,209 Ala. 301, 96 So. 239 (1923). See also Davis v. State,20 Ala. App. 463, 466, 103 So. 73 (1925), wherein the request for additional evidence came from the jury as in the instant case.
Although it is within the discretion of the trial court to reopen the case after the close of evidence, it is clear that cases construing § 15-14-4 have consistently held it to be error to do so after submission of the case to the jury. Biggsv. State, 46 Ala. App. 585, 246 So.2d 472 (1971); Gustin v.Dinsmore, 31 Ala. App. 238, 14 So.2d 741 (1943). This rule likewise applies to a judge in a non-jury case. Campbell v.Campbell, 55 Ala. App. 444, 316 So.2d 693 (1975). See also: Gamble, McElroy's Alabama Evidence, (3d ed. 1977), § 436.01 (2).
To compound the situation, the trial judge, in effect, began to testify to the jury concerning alterations which had been made to the cell which they had just viewed:
 "Ladies and Gentlemen, you have just viewed what's called the padded cell which is located on the second floor in the Jail and again I say to you that there have been some changes or modifications in that cell, among those being the hole, the small hole that was up at the left-hand corner of the cell as you went in. That's some sort of heating or cooling or ventilation vent being added. In addition to that, of course, the padding is not the same that was there at the time of this alleged incident, but the walls and the ceiling and the general shape of the room are the same. The door, as I understand it, is substantially the same including the panhole that you viewed there. I understand that the floor covering is different than was there at the time and so again you are instructed that the viewing of this cell is for whatever benefit you obtain from it but you are not to assume that the cell is exactly as it was on that occasion; it's simply for you to see the general shape and size of that area and also the door."
The trial judge then instructed the jury that they could consider their view of the cell in connection with all of the other evidence introduced at trial in reaching their verdict. No objection was interposed to the above comments of the trial judge; however, the case must be reversed and remanded for a new trial for erroneously *Page 984 
reopening the evidence, over objection, after conclusion of oral arguments.
REVERSED AND REMANDED.
All the Judges concur.