LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of manslaughter with a pistol, which, according to Alabama Criminal Code § 13A-6-3(b), is a Class C felony. The punishment imposed by the trial court was that required by Alabama Criminal Code 13A-5-6(a)(5), which provides that “for a Class B or Class C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.”
The court reporter’s transcript of the proceedings in the trial court is voluminous, but as there are only two issues presented on appeal, we will limit our narrative of the evidence to that contained in our discussion of such issues and the fact that, according to the undisputed evidence, the victim was at the time of her death the wife of the defendant.
I.
The first issue presented by appellant is thus captioned in brief of his counsel:
“THE TRIAL COURT ERRED IN DENYING APPELLANT’S EFFORTS TO INTRODUCE TESTIMONY OF PRIOR ASSAULTS BY THE DECEASED.”
We now quote a principal part of the argument in brief of counsel for appellant as to this issue:
“When Appellant attempted to testify to deceased’s use of a gun on another person the State objected and the Court sustained. (R. pp. 316, 317, 318) The Court did permit the Appellant to testify that she shot at her uncle but not to the circumstances (R. pp. 318-319). Also the Appellant testified that Slade Rhodes was a man with whom his wife had had a run in. (R. pp. 321-322). Slade Rhodes was called to the stand but the Court would not permit this individual to testify to the encounter he had with the deceased while she had a gun. (R. pp. 445-449). Again when Appellant attempted to testify to the deceased’s temper the Trial Court sustained the State’s objection to the questioning. (R. p. 323).”
Appellant’s counsel cites a number of cases that he contends support his contention as to this issue. But we are not convinced that they do so. Counsel for the State cites a number of cases in support of its position to the contrary. We are not convinced that all of them do so, but we believe that two of them do, to which we now refer.
In Higginbotham v. State, 262 Ala. 236, 240, 78 So.2d 637 (1955), it was stated in an opinion by Justice Lawson:
“The turbulent and blood-thirsty character of the deceased cannot be established by particular acts of violence or turbulence or blood-thirstiness on his part. The trial court did not err in refusing to permit the defendant to make such proof. Smith v. State, 197 Ala. 193, 72 So. 316; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692, cert. denied, 250 Ala. 409, 34 So.2d 700.”
In Huffman v. State, 360 So.2d 1038, 1044, (Ala.Cr.App.1977), aff’d 360 So.2d 1045 (Ala.1978), it is stated that its “decision is additionally based upon the rule that the turbulent or blood-thirsty character of the deceased cannot be established by particular acts of violence.”
We are convinced that defendant was not entitled to show that the victim had committed an assault upon any person other than defendant and that appellant’s first Issue should be decided adversely to appellant.
II.
The only other issue presented in brief of counsel for the appellant is thus stated in his brief:
“IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO REFUSE THE DEFENDANT TO ENTER SURREBUT-TAL TO EVIDENCE OFFERED BY THE STATE IN REBUTTAL.”
*1034 The last witness who testified in the case was Sara Jane Davis, who was the rebuttal witness and who testified briefly that her opinion of the reputation of the victim for peace and quiet was a favorable opinion. The State’s attorney then announced} “The State rests.” Immediately thereafter, according to the court reporter’s transcript, the following occurred:
“THE COURT: All right. Ladies and gentlemen, what we are going to — Have you got some authority for that?
“MR. CANFIELD: We would object to that.
“THE COURT: We have got to cut it off somewhere.
“What we are going to do at this time, ladies and gentlemen, is take a ten minute recess and the lawyers will make to you their closing statements. And then we will recess for the evening and we will come back in the morning at 9:00 o’clock and I will give you the Court’s Charge and you can start your deliberation. So, we will let them make their closing statements to you after we take a recess until twenty minutes to five.
“(Whereupon, the jury was excused from the Courtroom.
“At this time, Counsel for the Defendant made the following Motions in written form, which were renewed at the close of all the evidence, as follows:)”
Thereafter, the court reporter’s transcript shows for several more pages of the transcript that references were made to the oral arguments of counsel to the jury, wherein objections by counsel were made to some of the argument of opposing counsel, and thereafter the jury was excused until “9:00 in the morning.” And then the transcript shows the following:
“(WHEREUPON, the Jury was excused from the courtroom for the overnight recess and the following proceedings were had and done of Record out of the presence and hearing of the jury:)
“MR. ALLEN [Defendant’s attorney]: Your Honor, the State elicited in their rebuttal testimony about the Defendant’s statements and—
“THE COURT: Mr. Allen, speak up. There are no Jurors remaining in here. “Rebuttal or surrebuttal?
“MR. ALLEN: I said rebuttal. The State elicited in their rebuttal testimony about the Defendant’s statements and frame of mind after the death. The Defendant has an expert witness available to explain his mental state. The Defendant objects to not being allowed to introduce surrebuttal to the State’s rebuttal evidence.
“And at this time, the Defendant would also ask to be allowed to have testimony in surrebuttal form of Stephen Pollard, the psychologist who was aware of the facts of the case. He is prepared to testify that Mr. Adderhold was acting in a rational manner and was going to testify to various other matters presented by the State on rebuttal. The Defendant contends that this denial by the Court to allow him to present expert testimony on surrebuttal to the State’s rebuttal denies him his Constitutional rights under the United States Constitution for a fair trial, due process and equal protection of the law. That such action gave the State undue opportunity to present evidence which is not accessible to contradiction by competent evidence on behalf of Defendant.
“THE COURT: All right.
“(WHEREUPON, the proceedings were concluded for the day and the Court was in recess until 9:00 A.M., Wednesday, May 2, 1984).
“OVERNIGHT RECESS
“(WHEREUPON, the Jury returned to the Courtroom at 9:00 A.M., Wednesday, May 2, 1984, and the following proceedings were had and done of record in the presence and hearing of the Jury:)”
We have attempted by the foregoing quotations from the transcript to show everything that was said and done with reference to the effort by defendant’s attorney to present surrebuttal testimony. As disclosed by the above, it appears that defendant’s attorney did at one time prior to the arguments of the attorneys to the jury make an effort to present surrebuttal *1035 testimony. However, it is clear that defendant’s attorney did not persist in such effort at that time and that no further effort was made until after the conclusion of the oral arguments of counsel for the parties. In this situation, we think we are governed by Code of Alabama 1975, § 15-14-4, which provides:
“The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe.”
In . applying this Code section in Harris v. State, 371 So.2d 979, 983 (Ala.Cr.App.), cert. denied, 371 So.2d 984 (Ala.1979), it was held:
“In referring to the same provision appearing in the 1907 Code, our Supreme Court stated: ‘The restrictive language found in this statute must have been adopted deliberately as a restraint upon the laxity of the common law practice. We are constrained to hold that under this statute a case cannot be reopened for additional evidence after the conclusion of the argument.’ Alabama Great Southern Railway Co. v. Smith, 209 Ala. 301, 96 So. 239 (1923). See also Davis v. State, 20 Ala.App. 463, 466, 103 So. 73 (1925), wherein the request for additional evidence came from the jury as in the instant case.”
We think that the best that can be said in favor of appellant as to the particular point under consideration is that whether the defendant should be allowed to introduce the surrebuttal testimony was within the discretion of the trial court. Therefore, its ruling should stand, and appellant’s second issue should be decided adversely to him.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.