## LIVERGOOD *v.* RHOADES.

PRACTICE—DISMISSAL.—After a cause has been submitted to the Court for trial, and all the evidence and arguments of counsel have been heard, and the Court has announced its decision to be adverse to plaintiff as to one of the defendants, and was in the act of announcing it as to the other, when a motion was interposed by the plaintiff for leave to dismiss his suit, it being apparent from the progress the Court had made in its announcement that the decision would be adverse to him, it would be error in the Court to sustain his motion and dismiss the cause.

APPEAL from the *Vermillion* Common Pleas.

HANNA, J.—*Rhoades* sued *Swan, Livergood* and another, on a note payable in "live stock."

The answer of *Livergood*, among other matters, set up that *Swan* was the principal, and the others sureties only; that he had tendered "live stock" on, &c., and also payment by *Swan.*

During the progress of the trial a bill of exceptions was taken by the defendant, *Livergood*, which shows that, "on the trial, and after all the evidence was introduced, and the argument of counsel and submission to the Court for decision upon the facts and the law of the case, the Court proceeded to give a decision thereon, and after summing up the evidence in said cause, and stating the law of the case, as applicable to the defendant, *Livergood*, announced that upon the law and evidence the defendant, *Livergood*, was discharged as surety upon the note sued on; that while the Court was pronouncing its conclusions upon the law and evidence, as to *Livergood*, and at the close thereof, the plaintiff interposed no motion for a non-suit; but afterwards, when the Court was proceeding to the consideration of the case as between the plaintiff and the principal defendant in said note, and had stated that the plaintiff could not recover against the said

*Swan* until he had made a demand, because he, *Swan*, had offered to deliver live stock to the plaintiff in discharge of the note, and agreed that if *Swan* would not insist upon his offer, as the plaintiff did not want to winter the stock, he would not hold him liable as upon a money demand, and he might pay the note in stock after it became due."

The bill of exceptions then proceeds to show that the Court permitted the plaintiff, at that stage of the proceedings, to dismiss his cause, on the ground, the Court say, "that there had been no finding by the Court," but the declaration made was only an argument by the Court in coming to a finding, &c.

The question presented to us is, whether the motion interposed by the defendant, *Livergood*, to have a judgment in his favor ought to have prevailed over a motion of the plaintiff to dismiss his case.

We are of opinion that the motion to dismiss came too late, because the facts set forth show that there had, substancially, been such an announcement of the finding of the Court, upon the questions submitted, as precluded the plaintiff from the control of the case in that respect. 2 R. S. 120.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*S. F. & D. H. Maxwell*, for the appellant.