## P. P. LEGGETT ET AL. *v.* F. B. RYAN ET AL.

COSTS. *Taxed to pauper. Section 571 of the code of 1871 construed.*

Section 571 of the Code of 1871 provides that " the clerk of any court of record in this state may refuse to file any bill or declaration, or to issue any original process, in cases where the plaintiff or complainant is insolvent, unless the affidavit of the plaintiff be filed that he believes there is a just cause for the action, and that he is not able to pay the costs or give security for the same." Although a plaintiff or complainant may have made the affidavit provided in this statute, still, if unsuccessful, he may be taxed with the costs, the object of the provision being to afford him the opportunity to assert his rights, but not to relieve him from liability for costs in case he fails in his suit.

MOTION to retax costs, on the ground that the appellees, to whom the costs had been taxed on reversal of the judgment, being the complainants below, and having sued *in forma pauperis*, should not be taxed with the costs.

The statute upon which the motion is based is as follows : " The clerk of any court of record in this state may refuse to file any bill or declaration, or to issue any original process, in cases where the plaintiff or complainant is a non-resident of the state, or insolvent, unless security be first given for the payment of all costs that may occur in said action ; or unless the affidavit of the plaintiff, if a citizen of this state, be filed, that he believes there is a just cause for the action, and that he is not able to pay the costs or give security for the same."

*R. S. Stith*, for the motion.

*Kinloch Falconer*, on the same side, cited Code 1871, sec. 571; *Henry* v. *Shepherd* (MS.), not reported.

*Watson & Smith*, contra.

CHALMERS, J., delivered the opinion of the court.

The statute which enables suits to be instituted and conducted without pre-payment of costs, or without security therefor, does not relieve of ultimate liability to a judgment for costs at the end of the litigation. The whole object of the law is to give poor persons an opportunity to assert their rights; but, if they fail, the opposing party is entitled to demand a judgment for the costs which he has been wrongfully forced to expend. If the plaintiffs be paupers, the judgment may be of little benefit, but he is, nevertheless, entitled to it.

Motion denied.