Bissell, P. J.
Only matters of practice are involved in this hearing. Menapace brought suit against the fuel and iron company to recover damages for personal injuries. He was allowed to prosecute as a poor person. On the conclusion of his case the defendant company moved for a nonsuit for insufficiency of proof. The matter was argued and the court, as the bill of exceptions recites, commenced to state his conclusions about the matter, sugg'esting to the plaintiff’s counsel that probably he better take a voluntary nonsuit. Accepting the suggestion, the plaintiff asked for a nonsuit which was granted. The cause was dismissed without any entry of judgment against the plaintiff for costs.- Immediately thereafter Menapace commenced another suit against the same company for the same cause of action and obtained a like order for leave to prosecute as a poor person. The only matters presented for our consideration respect the right of the court to grant a nonsuit, under our statute, at the particular time at which the order was made; second, the question whether having granted a nonsuit, there should not then have been entered a judgment against the plaintiff for costs. These are the only two matters argued, or which we have to consider.
Our statute is somewhat peculiar, and a little different from that of some other states, but the Code provides, section 166, that the plaintiff may dismiss his action and take judgment of nonsuit at any time before trial on the payment of costs, or again: “ Fourth. By the court, when upon trial, and before the final submission of the case, the plaintiff abandons it.” It is quite clear the dismissal was made under this fourth subdivision, and the only inquiry is about the regularity and legality of the dismissal. We concede it is a matter which admits of a good deal of discussion, and *202 there are many eases which would seem to intimate that the nonsuit could not be granted at this particular point of time. The appellant has cited a good many cases bearing on the question to which we will refer more for the purpose of illustrating our position than as supporting the one we take, or upholding that for which the appellant contends. Johnson v. Bailey, 59 Fed. Rep. 670; Wright v. Southern Ry. Co., 80 Fed. 260; Livergood v. Rhoades, 20 Ind. 411; Beaumont v. Herrick, 24 Ohio St. 447; State v. Scott, 22 Neb. 639; Harris v. Beam, 46 Ia. 119 ; McArthur v. Schultz, 78 Ia. 364; Glass Co. v. Taylor, 99 Ky. 24; Sharpe v. Brown, 34 Neb. 406.
From no one of these eases, nor from all together, can we extract a principle which can be taken as determinative of the matter, or which will form a guiding principle for the construction of our statute. The statutes of the different states are widely variant, some permitting nonsuit at any time before the submission to the jury or the submission to the court, some before verdict, some before judgment, but in none of them is the phraseology exactly like ours, at least in a case where the precise question has been presented. As very wisely suggested by one of the opinions, the question becomes more difficult when the line is approached which a case may not cross and the right to dismiss remains with the plaintiff. The nearest approach to the present is an Iowa case which holds that where there is a demurrer to an answer put in by the defendant, and the demurrer has been submitted and argued, and the court has proceeded to render its judgment, it is then too late for the plaintiff to take a nonsuit. The principal difference between that case and the present, as it seems to us, is that the answer being good, the plaintiff could take nothing by his suit since it presented a perfect defense. In the present case, however, the defendant was in no manner estopped by the situation but his motion having been overruled he may proceed to introduce his testimony precisely the same as though his motion had not been made. There does not seem to be present in that situation facts which would *203 properly entitle the court to say there had been a final submission of the case. It was a motion, which in no manner disposed of the defense, and under certain circumstances would in no measure affect the plaintiff’s right of recovery. The motion was more interlocutpry in its character. After all, it simply resolves itself into a question of the proper construction of the language of our statute, and we incline to the opinion it was the purpose of the legislature to alter the rules which prevailed before the adoption of the Code, and which operated to restrict the plaintiff’s right to take a voluntary nonsuit. We quite agree with the honorable court which says that the plaintiff may take a nonsuit after the evidence is all in, and after the court charges the jury, when the charge follows the argument of counsel, up to the time the bailiff is ordered to take the jury out, and they are directed to enter on the consideration of the case for the purposes of a verdict. A liberal interpretation we think should prevail, and that the court did not err when it permitted the plaintiff to take a voluntary nonsuit.
There is another matter, however, with respect to which the court did err, and which compels us to send the case back for further proceedings, together with a suggestion concerning the subsequent suit which was brought by Menapace under leave given to sue as a pauper. As we have already observed, there was no judgment for costs. The court undoubtedly had the power in the original suit to make an order permitting the plaintiff to maintain his action and'have the aid and benefit of process and the services of the officers of the court after a proper showing- made on the application. 1 Mills’ Ann. Stats, sec. 676. This power of the court, however, only extends to the prosecution of the case. The court may permit the plaintiff to prosecute his ease and have process and the services of the officers of the court without fee or compensation in advance, thereby securing to the poor person the right to litigate his suit, even though he be without the funds requisite to carry on the case according to the statute. This right, however, does not extend to the refusal to enter a judgment *204 for costs when the poor person fails to recover. This matter is wholly controlled by a subsequent section of the statute. By the provisions of the subsequent sections (secs. 678 and 686, vol. 1, Mills’ Ann. Stats.), it is strictly enacted that wherever a plaintiff suffers a discontinuance or is nonsuited, the defendant shall recover his costs. Section 686 is a distinct provision that in all cases where action is dismissed for irregularity or nonsuit is granted for failure to prosecute, the defendant' shall have judgment for costs. These two provisions in no manner conflict with the antecedent section, but they stand together and provide for two different classes of cases; according to the first, the plaintiff making a proper application and the court making a sufficient order, may prosecute his case as a poor person without the payment of costs, but the instant judgment is rendered against him, or he suffers a discontinuance or a nonsuit, he is brought within the terms of the subsequent sections which entitle the defendant to a judgment for costs. We think, therefore, clearly in this case the court erred in refusing to enter a judgment for costs against Menapace, and that the company was entitled to its judgment. Leggett et al. v. Ryan et al., 55 Miss. 379; Brown v. Story, 1 Paige’s Ch. Rep. 588; Felt v. Amidon, 48 Wis. 66; Kimble v. Western Union Telegraph Co., 70 Fed. Rep. 888.
The appellant attacks the subsequent order permitting Men-apace to sue as a poor person until after this judgment was liquidated. The theory of the statute which gives him leave to prosecute as a poor person, is that probably he has a just and righteous cause, and is without the means to present and prosecute it. The court will, therefore, in the discretion which the statute gives, permit him to bring his action and prosecute it to judgment. Whether when he is compelled to go nonsuit, because he cannot make out his case, the court should' longer exercise a discretion and permit him to institute a new suit to carry on the litigation, suffer judgment of nonsuit, and so on ad infinitum, to the grievous prejudice and injury of the defendant, is really a matter which does not arise on this appeal. This is, if anything, to be determined on the applica *205 tion in thé other suit, though the rule doubtless is, as appellants contend, that the payment- of costs should be made a condition precedent save in exceptional cases which would be controlled by the exercise of a wise judicial discretion.
The case is, therefore, reversed and sent back with directions, to the court below to enter a judgment for costs against Men-apace in this suit. We are unable to make any directions to the court with respect to the other case which is not before us.
For the reasons suggested this cause is reversed and sent back with directions to enter judgment in accordance with this opinion.

Reversed.