(110 So. 565)

INDIAN HEAD MILLS OF ALABAMA et al. v. ASHWORTH. (6 Div. 472.)

(Supreme Court of Alabama. Dec. 16, 1926.)

1. Judgment ⬤➡217—Trial court must render final judgment for one or other of parties involved according to prevailing evidence.

It is duty of trial court to render final judgment for one or the other of parties in case according to prevailing evidence.

2. Master and servant ⬤➡411—Judgment denying compensation, but granting time for introduction of further evidence, held properly set aside.

Judgment denying plaintiff compensation subject to consideration of any evidence which plaintiff should introduce within 60 days from judgment date concerning disability, amounting merely to continuation of trial with provisional finding and judgment on uncompleted evidence,

was properly set aside, and new trial granted upon plaintiff's motion.

3. Equity ⬤➡422—"Judgment" is final only as to main equities of parties to suits in equity, not to subsequent administrative proceedings.

Rule that "judgment" is determination of court upon issue presented by pleadings, ascertaining and fixing final rights of parties in particular suit in relation to subject-matter in litigation, is qualified in application to suits in equity, where element of finality relates only to main equities of parties, not to subsequent administrative proceedings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law).]

Certiorari to Circuit Court, Walker County.

Petition of the Indian Head Mills of Alabama and the American Mutual Liability Insurance Company for certiorari to the circuit court of Walker county, to review the judgment and finding of that court in a proceeding under the Workmen's Compensation Act by Moody E. Ashworth against petitioners. Affirmed.

Joseph P. Mudd, of Birmingham, for petitioners.

The circuit court is without jurisdiction to grant a new trial under the Compensation Act, after a final judgment has been rendered denying compensation. Code 1923, § 7578. But, if it had such jurisdiction, the procedure applicable thereto would be the same as in ordinary cases governing new trials, and in which event plaintiff would not be entitled to a new trial. McLeod v. Shelly, etc., Co., 108 Ala. 81, 19 So. 326; Webb v. Bryant, 209 Ala. 659, 96 So. 907; Smith v. Bugg, 211 Ala. 341, 100 So. 503; City of Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780; K. C., M. & B. v. Phillips, 98 Ala. 159, 13 So. 65; 10 Michie's Ala. Dig. 639; Van Tinder v. B. R., L. & P. Co., 202 Ala. 474, 80 So. 858; Code 1923, §§ 7568, 7569; Ex parte Big Four Min. Co., 213 Ala. 305, 104 So. 764; Harper v. O'Rear, 210 Ala. 134, 97 So. 140.

Coleman D. Shepherd, of Jasper, opposed.

A new trial may be granted in a workmen's compensation case upon motion made within 30 days from the date of final judgment. Code 1923, §§ 7571, 7578, 9518; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664. The judgment of April 15, 1925, was not final, but was irregular or void, and was properly set aside on motion. Acts 1915, pp. 707, 708, § 3; 23 Cyc. 672; 15 R. C. L. 592, 593, 692.

SOMERVILLE, J. This is an action under the Workmen's Compensation Act (Acts 1919, p. 206), for compensation for an alleged injury growing out of plaintiff's employment, viz. for a hernia or rupture.

After a review of the evidence, the judgment entry recites:

"From a consideration of all the evidence, the court is impressed that plaintiff did suffer some injury at the time he claims. But the plaintiff has failed to reasonably satisfy the court that there resulted such disability as entitles him to compensation. Recognizing the possibility of error in this finding, and in order that no injustice may be done plaintiff, the court will hold the case open for 60 days for the submission within that time of further proof, if any there be, as to the nature, extent, and duration of any disability which plaintiff may have suffered as a result of his injury. Accordingly, it is the order and judgment of the court that compensation be denied plaintiff, subject, however, to further consideration upon the submission by plaintiff of further proof of disability within 60 days from this date."

Thereafter, on April 25, 1925, plaintiff filed his motion to set aside the above judgment, which motion was granted on May 9, and this appeal is from that ruling.

[1, 2] It was of course the duty of the trial court to render a final judgment for one or the other of the parties, according to the prevailing evidence. The writer was at first inclined to the view that the minute entry, as shown above, embodied a final judgment, which could be sustained as such, and that the provisional reservation of control based upon plaintiff's submission of additional evidence of his disability, could be disregarded as being merely an abortive attempt to enlarge and extend the power of the court with respect to the granting of a new trial on the ground of newly discovered evidence.

But, upon a very thorough consideration of the language used by the trial court, we have reached the conclusion that that view cannot be sustained, because the reservation directly qualifies the finding of fact and the judgment order, and in fact amounted merely to a continuance of the trial, with a merely provisional finding and judgment on the uncompleted evidence then before the court. The expressed intention was not to render a judgment for defendant if plaintiff could and should produce persuasive evidence in support of his claim at any time within 60 days thereafter, in which event, judgment would be rendered for plaintiff.

"A judgment is the determination of the court upon the issue presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the particular suit in relation to the subject-matter in litigation, and puts an end to the suit." 33 Corp. Jur. 1053, 1054, § 7.

[3] This rule is of course qualified in its application to suits in equity, where the element of finality relates only to the main equities of the parties, and not to subsequent administrative proceedings for their mutual adjustment and enforcement. The judgment entry in the instant case does not meet the requirements of a final judgment, and indeed does not rise above the dignity of an interlocutory order which was subject to vacation at the discretion of the trial court at any time while the cause was in fieri. Ex parte Overton, 174 Ala. 256, 57 So. 434; Hurt v. Hurt, 157 Ala. 126, 137, 47 So. 260; 34 Corp. Jur. 216, § 438.

Two days after the rendition of the so-called judgment, the court, on plaintiff's motion, ordered that the hearing be reopened for the reception of further evidence from both parties; but on April 24, 1925, on motion of defendant, that order was quashed. On the following day, plaintiff filed his motion "to set aside the judgment," and the judgment thereon was that "the judgment of the court rendered on April 15, 1925, is set aside, and a new trial granted."

Regardless of the theory upon which the trial judge proceeded in making this order, we think it must be sustained for the reasons stated above.

This conclusion renders unnecessary any consideration of other questions argued in briefs.

Let the order and judgment of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.