(113 So. 240)

## Ex parte ALABAMA MARBLE CO.
### (6 Div. 846.)

Supreme Court of Alabama.    May 26, 1927.

**1. Trial ⬤⟿377(2)—On completion of trial, court must proceed to judgment without setting aside submission or reopening case (Code 1923, § 9490).**

Where cause has been submitted on evidence for final judgment and trial completed, court is without discretion to set aside the submission and reopen case for another trial, but must proceed to render appropriate judgment according to the merits, in view of Code, 1923, § 9490.

**2. Courts ⬤⟿1—Power of court, inconsistent with established right of litigant, must be denied.**

When an asserted power of the court is inconsistent with an established right of the litigant, the power must be denied.

**3. Trial ⬤⟿377(2)—On conclusion of arguments, case may not be reopened for additional testimony (Code 1923, § 9490).**

Case may not be reopened for additional testimony after arguments have been concluded, under Code 1923, § 9490.

**4. Mandamus ⬤⟿53—Relator held entitled to mandamus to compel vacation of order reopening case several months after submission.**

Mandamus will lie to require trial court to vacate order reopening case several months after trial and submission.

**5. Dismissal and nonsuit ⬤⟿8—Oral or written publication by court of its conclusion on issue tried, though prior to judgment, is "announcement of decision" preventing subsequent nonsuit (Code 1923, § 9492).**

Though mere intimation of what decision may or ought to be does not amount to "an-

nouncement of decision," decision is announced preventing nonsuit under Code 1923, § 9492, when court's conclusion on issue tried is made known from bench or by any publication, oral or written, even if judgment has not been rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rendition of Judgment.]

**6. Dismissal and nonsuit ⬤⟿8—Court's statement after trial that in his opinion plaintiff was entitled to compensation held "announcement of decision," preventing subsequent nonsuit (Code 1923, § 9492).**

Statement of court, announced after trial, that in his opinion plaintiff was entitled to compensation, *held* announcement of decision under Code 1923, § 9492, rendering subsequent allowance of nonsuit improper.

**7. Mandamus ⬤⟿16(1)—Rights of parties with respect to relief sought are fixed as of date of filing petition.**

Filing of petition for mandamus fixes rights of parties with respect to relief sought as of date of filing.

**8. Mandamus ⬤⟿16(1)—Power of Supreme Court under original petition for mandamus, to require vacation of order reopening case after submission, held not affected by nonsuit subsequently entered.**

After jurisdiction of Supreme Court had attached by filing of original petition for mandamus to require trial court to vacate order reopening case after submission, court's jurisdiction under petition was not affected by subsequent entry of nonsuit.

**9. Mandamus ⬤⟿16(1)—Question of litigant's right to have judgment rendered after submission of case was not rendered moot by subsequent nonsuit improperly taken (Code 1923, § 9492).**

Defendant's right to relief, sought after having been put to expense of trial, was not rendered merely moot question by entry of nonsuit so as to prevent Supreme Court from granting mandamus to require trial court to proceed to judgment, where nonsuit was improperly entered under Code 1923, § 9492.

———

Original petition by the Alabama Marble Company for mandamus to Hon. John Denson, as Circuit Judge of the Tenth Judicial Circuit. Writ granted.

The petition is for a writ of mandamus to the circuit judge, requiring him to vacate a certain order made by him in the cause of J. O. Jones v. Alabama Marble Company, pending before the respondent, and to restrain him from proceeding with the hearing of said cause as ordered by him.

The original petition shows, substantially:

On July 19, 1926, J. O. Jones filed his suit against Alabama Marble Company, claiming compensation under the Workmen's Compensation Act for injuries suffered by his minor son, Dewey Jones, with the appropriate allegations of service and dependence. The

---

defendant answered under oath, denying each and every allegation of the complaint, and the cause, being at issue, was called for hearing on August 26, 1926. Both parties appeared on that date by attorney, and on issue joined, the case was tried by the court without a jury. Both parties offered evidence, and this order was entered: "August 26, 1926. Submitted and taken under advisement. Denson, Judge." Thereupon the court requested counsel for both parties to submit briefs, which was done, and the case remained thus until November 16, 1926, when the court, per Denson, judge, made this order: "November 16, 1926. Reopened and set for trial December 16, 1926."

On November 20, 1926, the defendant (petitioner) moved the court to make findings of law and fact in this case, and to render judgment thereupon. This motion was overruled forthwith.

Thereupon this petition was filed to compel the trial court to vacate the order of November 16, 1926, and to restrain the court from proceeding to retry the cause. The rule nisi was issued returnable on January 20, 1927, on which day the respondent judge answered as follows:

"The suit of J. O. Jones v. Alabama Marble Company was begun by a petition for compensation under the Workmen's Compensation Law of the state of Alabama. The case was tried, submitted, and taken under advisement on the 26th day of August, 1926, and the attorneys for both petitioner and defendant in said cause were requested by the court to file briefs in support of their respective contentions. Thereafter, in the brief filed by the counsel for defendant, the proposition was raised that there was no evidence before the court that the deceased employee was injured by an accident arising out of and in the course of his employment. This question had not been specifically raised during the trial of the cause. Your respondent is of the opinion that the petitioner in said cause is entitled to compensation under the Workmen's Compensation Law, and that, if there were insufficient evidence before the court that the deceased employee was injured by an accident arising out of and in the course of his employment, the petitioner should have an opportunity to show such fact in order that justice might be done. Therefore an order was entered reopening the cause and setting the same for hearing on December 16, 1926."

On March 24, 1927, the petitioner amended his petition, exhibiting a copy of the respondent's said answer, and also a copy of an order and judgment of said circuit court, entered on the plaintiff's motion, on January 20, 1927, "that a nonsuit be and the same is hereby entered in this cause." The amended petition also shows: That the plaintiff has again, on February 7, 1927, filed this same suit and claim against defendant in the circuit court; that in petitioner's belief said nonsuit was taken in order to defeat the jurisdiction of the Supreme Court which had

216 ALA.—18

attached under the original petition; that "on the day on which the cause in which this mandamus is sought was tried, and after the close of the evidence and argument on the trial of said cause, the respondent announced from the bench that the finding of the court would be in favor of the plaintiff"; that the order of nonsuit was illegal and void, because the court had previously announced its decision, both from the bench, as stated, and in the answer filed to the original petition; and that this cause is still pending in the circuit court. The prayer of this amended petition is for a writ of mandamus requiring the respondent "to make a finding of fact and law in said case as the evidence justifies."

To this amended petition the respondent filed a further answer, averring, in substance: That, prior to January 20, 1927, he had never announced any final decision in the case; that at the close of the evidence he stated that the case would be taken under advisement; that he "does not deny that during the course of the proceedings he in some way indicated what his opinion was as to the respective rights of the parties"; that he "might have stated on the trial of this cause that in his opinion the plaintiff was entitled to compensation, but he is certain that he did not state that he would render a judgment for the plaintiff"; that he was in doubt, and has never definitely made up his mind as to the result, being uncertain whether two minors—a brother and sister of the deceased workman—were entitled to the allowance, or whether it should go to plaintiff for them; that this was one of the many questions that prevented him from rendering any definite decision in the matter.

The answer sets up the court's order of November 16, 1926, reopening the case, and the order of January 20, 1927, for nonsuit, and avers that, when plaintiff's counsel learned that respondent's answer would be controverted, he stated that, rather than involve respondent in such a controversy, he would take a nonsuit, which was accordingly done.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellant.

It is the duty of the court to make findings of law and fact and render final judgment thereon, and mandamus is the proper method to compel performance of this duty. 38 C. J. 633; Ex parte Redd, 73 Ala. 548; Life & Fire Ins. Co. v. Adams, 9 Pet. 573, 9 L. Ed. 234; Code 1923, § 7578; Indian Head Mills v. Ashworth, 215 Ala. 348, 110 So. 565; Havens v. Stewart, 7 Idaho, 298, 62 P. 682; Benson v. Ritchie, 44 Utah, 59, 138 P. 136; Haight v. Turner, 2 Johns. (N. Y.) 371; Delord v. Lozes, 142 La. 328, 76 So. 759; Langdon v. Taylor (C. C. A.) 180 F. 385; Bahnsen v. Horwitz (Sup.) 90 N. Y. S. 428. To allow a party, after the cause has been submitted, to furnish defects in his proof that could and

should have been offered upon the trial, would be an abuse of discretion. Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209; Craig & Co. v. Jones & Co., 200 Ky. 113, 252 S. W. 574. After argument has been concluded or waived, the trial judge may not reopen a case for further testimony. Code 1923, §§ 9490, 7571, 7578; A. G. S. v. Smith, 209 Ala. 301, 96 So. 239; Davis v. State, 20 Ala. App. 463, 103 So. 73. The court was without power to grant plaintiff a voluntary nonsuit, because the application therefor came too late. The statute does not contemplate the formal entry of judgment. Code 1923, § 9492; Livergood v. Rhoades, 20 Ind. 411; Walker v. Heller, 56 Ind. 298; Womack v. Miles, 18 Ga. App. 206, 89 S. E. 156; Ciesmelewski v. Domalewski, 90 N. J. Law, 34, 100 A. 179; Kelly v. Chicago, etc., Co., 202 Ill. App. 239; Fine v. Fox, 211 Ill. App. 579.

Ewing, Trawick & Clark, of Birmingham, for appellee.

Even if the order of nonsuit was improperly taken, petitioner has waived its right now to complain. Code 1923, § 6670. The respondent was within his province in entering a nonsuit on motion of plaintiff; no decision had been rendered by him.

SOMERVILLE, J. [1] When, without fraud, a cause has been submitted on the evidence for the final judgment of the court, the trial being completed, it is the duty of the court to proceed to render an appropriate judgment according to the merits of the case. Indian Head Mills v. Ashworth, 215 Ala. 348, 110 So. 565.

This we think is a mandatory duty, which cannot be qualified by any theory of judicial discretion. To say that the trial court may at its discretion set aside a submission, repudiate a trial already completed, and reopen the case for another trial, would be to reduce judicial procedure to utter futility, and in practical effect deny to the unfavored litigant the right to have a trial of his case.

[2, 3] Such a power is unnecessary in the administration of justice, and its exercise would result in the gravest wrongs and abuses. When an asserted power is inconsistent with an established right, the power must be denied. Moreover, we have a statute (Code, § 9490) which forbids the reopening of a case for additional testimony *after* the arguments are concluded. A. G. S. R. R. Co. v. Smith, 209 Ala. 301, 96 So. 239.

[4] It results that the order of November 16, 1926, reopening the case and setting it down for retrial, was without authority, and the appropriate writ will be issued, directing that it be vacated in accordance with the prayer of the original petition.

Without affirming that the withholding of final judgment from the date of submission (August 26, 1926) until the following November was such a delay as would have per se entitled either party to a writ of mandamus requiring the court to decide the case and render judgment therein, it is clear that the order reopening the case, and conclusively showing the court's intention not to decide and adjudge, presented a proper case for defendant's resort to the writ of mandamus.

The questions of difficulty confronting us here grow out of a consideration of the status resulting from plaintiff's voluntary nonsuit entered on January 20, 1927, the return day of the writ, and two months after the filing of the petition.

Petitioner's contention is (1) that under section 9492 of the Code plaintiff's nonsuit was taken too late, and was improperly entered, because the court had already in substance, announced its decision in the case; and (2) that, even if that objection is not available, the jurisdiction of this court had already attached by virtue of the petition for mandamus, and could not be defeated by the subsequent creation of a new status by any action of the plaintiff, nor by any order of the trial court, looking to that result.

Respondent's contention, on the other hand, is that he had neither reached nor announced a decision before the nonsuit was taken; and that, the nonsuit being validly entered, the matter of defendant's right to have decision and judgment, though concededly existent prior to the nonsuit, has become a moot question merely, and therefore need not and should not be decided.

Our statute (Code, § 9492) declares:

"Nonsuits must be taken before the jury retire to consider their verdict, or if the cause is tried by the court without a jury, must be taken before the court announces its decision; and two nonsuits, not set aside at the term at which they are suffered, or reversed on error, are equivalent to a verdict against the party suffering them."

[5, 6] A decision is "announced" when the conclusion of the court on the issue tried is made known from the bench, or by any sort of publication of the fact, whether oral or written; and this is true though no *judgment* has actually been rendered. Livergood v. Rhoades, 20 Ind. 411; Walker v. Heller, 56 Ind. 298; People's Bank v. Exchange Bank, 119 Ga. 366, 46 S. E. 416; Kelly v. Chicago City Ry. Co., 202 Ill. App. 239; Fine v. Fox, 211 Ill. App. 579; Sauer v. Sauer, 77 Ind. App. 22, 133 N. E. 169; Webster's New Int. Dictionary. On the other hand, a mere intimation of what the decision may or ought to be—a disclosure of a state of mind merely favorable to one of the parties—would not amount to an *announcement of the decision* within the meaning and purpose of the statute. Taking into account the facts stated and the admissions made in respondent's answer, as well as the affidavit of one of defendant's counsel, our judgment is that the decision of the court was substantially announced after the trial of the case; this being the effect of the statement that *in the opinion of*

.*the court the plaintiff was entitled to compensation.* Under this view, the nonsuit was improperly allowed.

[7, 8] We think, however, that in any event the filing of this petition before the entry of nonsuit fixed the rights of the parties, with respect to the relief sought, as of the date of its filing, and that, the jurisdiction of this court having fully attached, no act of the plaintiff or of the respondent, short of effecting the relief prayed, could affect the power and duty of this court in the premises. Ex parte Richardson (Ala. Sup.) 58 So. 909; Ex parte Mobile, 155 Ala. 226, 46 So. 766; 38 Corp. Jur. 587, § 60. The entry of the nonsuit was therefore nugatory so far as this proceeding is concerned, and must be disregarded, unless it renders petitioner's right to the relief sought a moot question merely.

[9] The argument for respondent is that, having gotten rid of plaintiff's suit and escaped the threatened judgment in his favor, defendant can have no substantial ground of complaint, and suffers no wrong that needs mandatory relief. But the answer to this is that, having been put to the labor and expense of a trial, defendant is entitled to an adjudication of the issue, ending the controversy if the judgment is for him, and, if against him, entitling him to a *review on appeal;* whereupon, if there be no evidence to support the judgment for plaintiff, defendant would be entitled to have judgment rendered for him by the appellate court.

This view of the matter seems to us to be logical and sound, and we think it substantially refutes the argument contra. In re Watts, 214 F. 80, 130 C. C. A. 520, presents a supporting analogy.

What has been said is not to be taken in the slightest degree as a reflection upon the motives of the learned respondent, whose procedure throughout has unquestionably been dictated by his conceptions of justice and judicial duty in the premises.

Our conclusion is that petitioner is entitled to the relief prayed, and the peremptory writ will be issued accordingly.

Writ granted.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.