(133 So. 5)

## TOWN COUNCIL OF GUNTERSVILLE et al. v. HENRY et al.

### 8 Div. 272.

Supreme Court of Alabama.

March 19, 1931.

D. Isbell, of Guntersville, for appellants.

J. A. Lusk, of Guntersville, for appellees.

GARDNER, J.

Petition for mandamus to require the mayor and aldermen of Guntersville, Ala., to call a municipal election on the third Monday in September, 1930, for the selection of their successors, as provided by section 1754, Code 1923, or some convenient day to be fixed, in the event the election is not had on the above date as stipulated in section 1886, Code 1923.

The merits of the case, presented by the ruling on demurrer to the answer, present for consideration the proper interpretation of section 1754, Code 1923, as amended by Gen. Acts 1927, p. 706, § 1.

Upon consideration of this question, the case of Coons v. Isbell (Ala. Sup.) 132 So. 891, is controlling adversely to appellants' contention, and needs no further discussion. Under the holding of that authority, the election should have been held on the third Monday in September, 1930, as demanded by these petitioners. The respondents in calling and making preparation for the election were in the discharge of ministerial duties, and we think mandamus was the appropriate remedy. 38 Corpus Juris, 721; Green v. Adams, 119 Ala. 472, 24 So. 41; 19 Southern Dig. pages 100, 101; Ex parte Alabama Marble Co., 216 Ala. 272, 113 So. 240; Code 1923, §§ 1880–1883.

It is insisted, however, that the petition, being filed three days before the time expired for respondent officers to appoint inspectors and give the election notice, was premature and should therefore be denied. The general rule is recognized that mandamus will not lie on a mere anticipated default of duty. 38 Corpus Juris, 581. But it has been held on good authority, with which we are in accord, as an exception to this general rule, that, where there has been an unequivocal manifestation of a settled purpose and determination not to perform a public duty, the court is justified in awarding the writ before the evil is done or the dereliction of duty has actually occurred. 38 Corpus Juris, 581; 2 Dillon on Municipal Corporations (4th Ed.) § 867.

The averments of the petition so plainly bring the cause within the influence of this exception as to require no discussion of the facts therein set forth.

The election, not having been held at the appointed time as fixed by the statute, may yet be held, as is expressly provided in section 1886, Code 1923, and under the decision of Coons v. Isbell, supra, upon which the conclusion in this case rests, it is the duty of respondents to fix a day for such election, as "early as convenient." We are of the opinion the court below correctly ruled, and the judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.