282 So.2d 689

**Sylvia A. HUNT**

**v.**

**Walter R. HUNT.**

**Civ. 170.**

Court of Civil Appeals of Alabama.

Sept. 5, 1973.

Callaway & Vance, Birmingham, for appellant.

Jones & Landrum, Birmingham, for appellee.

HOLMES, Judge.

This is an appeal brought by appellant-wife from a "Decree Awarding Custody" made and entered on September 12, 1972, which modifies the provisions of a final divorce decree entered by the Circuit Court of Jefferson County, Alabama, Equity Division, on May 31, 1971. The divorce decree of May 31 granted the appellant-wife custody of their child, and the appellee-husband was granted a right of reasonable visitation.

On April 28, 1972, the appellee filed a petition to modify the original divorce decree, alleging misconduct by appellant and asking for custody of the child. The court so granted the petition of appellee-husband by a decree *ex parte*, which gave custody of the child to appellee pending litigation and restrained appellant from interfering. The husband filed an amended petition to modify on May 31, 1972, stating that the appellant had left the state and that the child was at the home of his grandparents. The court entered a second decree *ex parte* directing the sheriff to take custody of the child and turn him over to appellee. On June 1, 1972, the appellant-wife filed an answer denying the averments of the petition and alleging unclean hands on the part of appellee because of failure to make support and maintenance payments, and for threats and harassment to appellant. On this same day, the court entered an order giving custody of the child to the maternal grandparents pending final determination of custody upon their execution of a $5,000 bond, which bond was so filed and approved on that day.

The court, on June 1, elected not to take oral testimony in the cause and directed counsel to submit evidence necessary to sustain their claims of custody of the child by affidavit on June 6, 1972. The counsel for appellant excepted to this method of hearing of the cause and insisted upon his right to an oral hearing.

On June 6, 1972, the attorney for appellant again objected to the submission of the case by affidavits, and the court overruled this objection.

The case then proceeded on the basis of submitted affidavits. From these affidavits, plus reports from a caseworker for the Family Counseling Association and a social worker from the Department of Pensions and Security, the court on September 12, 1972, entered a "Decree Awarding Custody," which vested custody of the child in the appellant-wife and extended the appellee's visitation rights. The decree also ordered appellant not to remove the child from the jurisdiction of the court, and not to set up her personal residence away from the residence of her parents without the written permission of the court. From the decree, appellant has taken this appeal.

Appellant's assignments of error 4 and 5, which relate to the lower court's refusal to permit oral testimony on the evidence, require a consideration of Equity Rule 56, which provides, in part, that:

"In all cases in equity the judge before whom the case is pending . . . shall, when requested in writing by either party to the cause or by his attorney to do so, *take all of the testimony*

*orally before him* in open court or in chambers." (Emphasis added)

The record shows that appellant objected and excepted to the lower court's order of June 1, 1972, whereby the appellant requested and the court elected not to take oral testimony and directed that all testimony and evidence be submitted in the form of sworn affidavits. It is clear that appellant had at this point given notice to the court and opposing party of her desire to have the testimony taken orally.

On June 6, 1972, the court noted that the appellant wanted to make objections in the record to the method of submission of the case, and the court, on page 54 of the record, stated,

". . . I will be glad to include in the note of testimony . . . the fact that he not only filed his application but he also has made, the Court has permitted him to make an oral objection to this method of presentation of the case. . . ."

■ We therefore note that even though we find no application in writing in the record, as such, we feel the record shows that the application was apparently made on June 1, 1972, and that the court considered this in its determination. In view of the above, this court considers that appellant did, in this instance, comply with Equity Rule 56 and the right of oral testimony should have been granted.

■ Irrespective of the above, and in accord with appellant's assignments of error 3 and 7, the denial by the trial court to allow oral testimony and in requiring evidence to be submitted only by affidavits constituted reversible error in that the right to cross-examine witnesses was denied.

The opportunity to cross-examine a witness is of paramount importance and has been widely recognized. The test of cross-examination provides the most powerful means of ascertaining the circumstances which affect the trustworthiness of the witness's assertion. The mere assertion by a witness, especially if he is a partisan, may leave undisclosed innumerable details which might either qualify his assertions or affect the credibility, truthfulness, or trustworthiness of the witness. Such facts are best brought out by the opponent's cross-examination of the witness as to his testimony. See Wigmore on Evidence, 3rd Ed., Vol. V, §§ 1362, 1367, 1368; McElroy, The Law of Evidence in Alabama, 2nd Ed., Vol. 1, § 136.01, Vol. 2, § 242.01(1) ; 98 C.J.S. Witnesses § 368.

Alabama adheres to this valuable right as seen in Tit. 7, § 443, Code of Alabama 1940, which states:

"The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right."

Alabama has recognized and applied the right granted by this code section in a number of cases. Sowell v. State, 30 Ala. App. 18, 199 So. 900; Coward v. McKinney, 277 Ala. 513, 172 So.2d 538; See also, 19A Ala.Dig., Witnesses ⊙266.

It should also be noted that this section has also been applied to equity cases. See Powell v. Powell, 285 Ala. 230, 231 So.2d 103.

■ The trial court's action in requiring that all evidence be presented by *ex parte* affidavits, over objection of one of the parties, in this instance denied appellant his essential right to cross-examine. Such a denial thereby resulted in error to reversal.

This court recognizes the principle that the extent of cross-examination is greatly within the discretion of the trial judge, but in this instance, there was a complete denial of the basic right to cross-examine by the submission on affidavits.

The proper method for submission of written testimony in equity cases is controlled by Equity Rule 40, which states

that, ". . . except as provided in Rules 55 and 56, testimony in equity cases must be taken by interrogatories filed in the register's office." Clearly, the submission by *ex parte* affidavits does not comply with this rule. The overriding purpose here is to allow some means of cross-examination of opposing witnesses, which may be accomplished by interrogatories but not by affidavit. Further, Equity Rule 40 expressly recognizes and is subject to Equity Rule 56, with which the appellant complied as discussed above.

While the above requires this court to reverse the learned trial judge for the error as indicated, we note that it would appear that the trial court in considering certain reports and thereafter appearing, in part, to base his decision thereon caused a noncompliance with Alabama Code Equity Rule 57.

The record now before us does not reveal any note of submission as to the reports of the social worker from the Department of Pensions and Security, nor of the report of the Family Counseling Association.

█ Equity Rule 57 requires that there be a note of submission signed by each party showing the proof upon which he rests his case. Nothing not noted on the note of submission shall be considered by the court. The exception to the provisions of this rule occurs when testimony is given orally before the judge in open court. Park v. Elliot, 282 Ala. 110, 209 So.2d 393.

Having reached the above conclusions, further discussion of other assignments of error would only lengthen the opinion unnecessarily.

While what follows might be described as appellate court meddling or some other, more descriptive term, we in our judgment would be remiss if we failed to make the following observation. The real tragedy of any form of custody fights and unnecessary changes in custody arrangements is most often reflected in the life of the child, and often has long lasting effects. It is for this reason that courts should frown upon rehearing cases and repeated petitions for modification of custody based in large measure upon the desires of the parties. See Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613; Greene v. Greene, 249 Ala. 155, 30 So.2d 444. We would earnestly hope that appellant and appellee would consider the above.

For the reasons stated herein, this cause is due to be reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.