316 So.2d 693

**Robert N. CAMPBELL, Jr.**

**v.**

**May Beth Gullatt CAMPBELL.**

**Civ. 427.**

Court of Civil Appeals of Alabama.

July 16, 1975.

Cunningham, Bounds & Byrd, and John T. Crowder, Jr., Mobile, for appellant.

Inge, McMillan & Inge, Mobile, for appellee.

BRADLEY, Judge.

The appeal is from a decree granting the relief prayed for in a motion to enforce a prior divorce decree.

The parties to the present proceeding were divorced by decree of the Circuit Court of Mobile County entered on May 3, 1966. The decree, incorporating an agreement made by the parties, provided, among other things, that the appellee-wife would receive $21,000 per annum as alimony until such time as all the children (the parties had four children) had left home permanently or graduated from college or completed their formal education or become self-supporting. Upon the occurrence of any one of the above enumerated happenings, the yearly alimony of $21,000 would be reduced to $10,000 per annum.

The motion to enforce the divorce decree alleged the appellant-respondent had failed to make the alimony payments as required by the decree of divorce.

Trial was started on December 13, 1971; terminated at the end of that day; and re-started on April 21, 1972. The hearing was concluded and the matter taken under submission on that same day. Almost two years later, on February 22, 1974, the trial court handed down a decree ordering appellant to pay the sum of $22,413 as accrued, unpaid installments of alimony.

On March 13, 1974 appellant moved for a new trial. The court on July 15, 1974 denied the new trial motion. The appeal is from judgments of February 22, 1974 and July 15, 1974.

Appellant says that during the time the case was under submission, and without notice to appellant or to his attorney, and without the knowledge of either, additional evidence was submitted to the court at the express request of appellee's attorney and this evidence formed a part of the foundation of the decree later rendered. The referred to evidence consisted of a letter from the Assistant Registrar of Auburn University written December 10, 1973.

Appellant says the letter in question came to his attention six months after the appeal in the case had been perfected and was at that time admitted into evidence by the court.

The letter is as follows:

"December 10, 1973

"Mr. Michael E. Zoghby
Circuit Judge
Mobile County Courthouse
Mobile, Alabama 36601

"Dear Mr. Zoghby:

"This is written at the request of Mr. Herndon Inge, Jr. of the law firm, INGE, MCMILLAN, AND INGE.

"*Mr. Robert N. Campbell, III* has attended Auburn University for two quarters. He first attended during the Fall Quarter, 1968 and is presently enrolled for the Fall Quarter, 1973.

"s/ Mark Strickland

"Mark Strickland
Assistant Registrar

"MS/ap"

The pertinent portion of the trial court's decree provides:

"4. That the Court having found from its own investigation that Robert N. Campbell, III one of the children of the parties, is a student at Auburn University and has not graduated from college, completed his formal education or become self-supporting; that said Robert N. Campbell, III has been away from home since June of 1969 and the reduction of $125.00 per month should start on that date and continue to September 1, 1973; that while he is in college a reduction of $75.00 per month is allowed beginning September 1, 1973."

The evidence before the court at the time the matter was taken under submission on April 21, 1972, clearly and without dispute shows that Robert N. Campbell, III was not a student at any college, but was married, employed and living with his family in Mobile, Alabama. The trial court's decree shows that the court did rely on information coming to it after the case was taken under submission and without the knowledge of appellant or his attorney.

The supreme court of Alabama, in *Ex parte Alabama Marble Co.*, 216 Ala. 272, 113 So. 240, said:

"When, without fraud, a cause has been submitted on the evidence for the final judgment of the court, the trial being completed, it is the duty of the court to proceed to render an appropriate judgment according to the merits of the case. *Indian Head Mills v. Ashworth*, 215 Ala. 348, 110 So. 565.

"This we think is a mandatory duty, which cannot be qualified by any theory of judicial discretion. To say that the trial court may at its discretion set aside a submission, repudiate a trial already completed, and reopen the case for another trial, would be to reduce judicial procedure to utter futility, and in practical effect deny to the unfavored litigant the right to have a trial of his case.

"Such a power is unnecessary in the administration of justice, and its exercise would result in the gravest wrongs and abuses. When an asserted power is inconsistent with an established right, the power must be denied. . . ."

In the cited case the trial judge, after a lapse of about three months, ordered the case be reopened. Notice of this order was given to both parties; whereas, in the case at bar, no notice whatsoever of the consideration by the court of additional evidence was given to appellant.

On the strength of the *Marble* case, we think the trial court erred to reversal by, in effect, reopening the case and considering additional evidence which helped form the basis of its decree.

We also consider the action of the trial court in reopening the case for additional evidence to be prejudicial to the substantial rights of appellant for the reason that appellant was denied the right of cross-examination as assured by Title 7, Section 443, Code of Alabama 1940, as Recompiled 1958.

This court in *Hunt v. Hunt*, 51 Ala.App. 73, 282 So.2d 689, said:

"The opportunity to cross-examine a witness is of paramount importance and has been widely recognized. The test of cross-examination provides the most powerful means of ascertaining the cir-

cumstances which affect the trustworthiness of the witness's assertion. The mere assertion by a witness, especially if he is a partisan, may leave undisclosed innumerable details which might either qualify his assertions or affect the credibility, truthfulness, or trustworthiness of the witness. Such facts are best brought out by the opponent's cross-examination of the witness as to his testimony. [Citations omitted.]"

 Such right of cross-examination was denied to appellant as to that evidence secured by the court as a result of "its own investigation" and without the knowledge of the appellant.

This case, when submitted to the trial court on April 21, 1972, was ready for judgment on the merits. And, as stated in *Ex parte Alabama Marble Co., supra*, it was the ". . . duty of the court to proceed to render an appropriate judgment according to the merits of the case." This the court did not do.

Appellee in brief suggests that appellant failed to raise in his motion for new trial the issue of the consideration by the trial court of evidence brought to its attention after the case was taken under submission and as a result is precluded from raising it for the first time on appeal. We disagree. One of the grounds of the new trial motion is that the judgment is contrary to the evidence.

The judgment, rendered on February 22, 1974, states that Robert N. Campbell, III was enrolled as a student at Auburn University, whereas the evidence before the court on April 21, 1972, the day the case was taken under submission, shows without dispute that Robert was not enrolled at Auburn University.

Quite obviously, the issue was presented to the trial court by way of the motion for new trial. The motion was overruled, and in this action the trial court erred.

For the reasons above enumerated, the judgment in this case is reversed and the cause remanded to the trial court for the entry of a judgment based on the merits of the case as submitted to it on April 21, 1972.

Reversed and remanded with directions.

WRIGHT P. J., and HOLMES, J., concur.