LEIGH M. CLARK, Retired Circuit Judge.
Appellants were separately indicted for the robbery of Lois Mayo. At their request, they were tried together, being separately represented by appointed counsel. Each was found guilty by the jury and sentenced by the court to imprisonment in the penitentiary for forty years. By agreement of parties, both cases are submitted on appeal on a consolidated record.
The alleged victim testified that about 11:15 P.M. October 28, 1978, she arrived at the Zippy Mart on East Broad Street in Gadsden, Alabama, of which she was the manager at the time, and, as she was commencing her duties in the store, she saw both defendants in the automobile parking area. According to her testimony, they soon thereafter came into the store and walked over to the counters where “they keep all the corn curls, corn chips and all this kind of stuff, and they stood there at the counter looking over at us operating the cash register.” They then “came to the cash register; bought a 49 cent bag of corn curls” and left the store. About that time the employee whom the victim was relieving checked out; the victim then saw both defendants “about half way across the lot the same two coming back in again.” At that time no one was in the store other than the victim and the two defendants. Elbert Rupert picked out some candy and came to the victim at the cash register and handed her 20 cents; and as she opened the cash register Johnny Rupert approached her “with a gun in his hand and said ‘Leave it open,’ ” which she did. The telephone commenced ringing, and Johnny told her not to answer it. Johnny picked up and carried away the whole tray of money of the register, joined Elbert, and they went out the front door.
The defendants were brothers. Their presence at the store about midnight October 28-29, 1978, was strongly corroborated by the testimony of the employee of the store whom the victim replaced that night and by a fifteen-year-old schoolgirl who had known defendants several years.
Defendants did not testify, but they presented evidence tending to show an alibi. A girl friend of each testified that he was with her before, during and after the time of the robbery.
Whether defendant Johnny Rupert robbed the victim and whether Elbert Rupert was his accomplice in the crime were clearly questions for the jury to determine under all the evidence. There is no contention to the contrary. We now consider the only two issues presented by appellants.
In appellants’ brief, it is stated:
“It is obvious defense attorneys were prevented from cross examining Mrs. Mayo in a thorough and efficient manner due to the rulings of the trial court in refusing to admit the newspaper article in evidence, and, also, in not allowing free access to the police report. The ultimate effect of these rulings violated the fundamental right of a party to test the ability, correctness, and credibility of contrary testimony, Hunt v. Hunt, supra [Hunt v. Hunt, 51 Ala.App. 73, 282 So.2d 689 (1973)]. Failure of the trial court to allow a defense attorney in a criminal proceeding to thoroughly cross examine the contrary witness, especially for impeachment purposes, when that witness has given a different version of the events prior to the time of trial violates due process, Jencks v. U. S., supra [353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d [1103] 1105 (1957)].”
In making this contention appellants refer to testimony of a reporter for the Gadsden Times, who was called by defendants as the last witness for them. The witness had testified as to an article appearing in the Gadsden Times relative to the alleged robbery and a description therein of the alleged robbers that purported to have been obtained from the report of the police. Appellants-defendants say that the description found therein was different in material re *453 spects from the description given by the victim in her testimony in the case. Appellants say that the action of the trial court was in conflict with the principle declared in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
Appellants endeavor, unintentionally we think, to overextend what was held in Brady v. Maryland. The document withheld or suppressed by the prosecution in that case was a confession of an accomplice of defendant that he (the accomplice), not the defendant, had strangled to death the victim they were both robbing. The Court of Appeals of Maryland had held that there was some evidentiary value in such document. It stated:
“. . . We think that Boblit’s undisclosed confession might have been usable under any of the three rules stated in Thomas [Thomas v. State, 186 Md. 446, 47 A.2d 43, 167 A.L.R. 390], which we have quoted above, and hence could not be regarded as inadmissible and unusable in any manner in Brady’s defense.” Brady v. State, 226 Md. 422, 174 A.2d 167, 170.
The Supreme Court accepted, as it is accustomed in the absence of any impingement upon the provisions of the Constitution of the United States, the law of evidence of the particular state in whose court a case is tried.
The statements made by the victim to the officers, the officers’ notes or reports as to what the victim had told them, and the newspaper article, if and when offered in evidence, would not have been admissible, unless they came under some exception to the hearsay rule of exclusion. No claim is made that any of such material comes within any exception, except perhaps that some of it would be admissible in impeachment of the victim in her testimony as to the description of the defendants. However, the action of the court complained of by appellants transpired long after such witness had testified. Furthermore, there was no effort on the part of defendants to show by the testimony of any of the police officers making the report that the victim had made self-contradictory statements to them in describing the persons who had robbed her.
Any right of the appellants to a disclosure by the prosecution of the contents of the police officers files as to what the victim of the robbery had told them in describing the robbers was belatedly urged. Under all the circumstances, the action of the trial court was well within its sound discretion. Cooks v. State, 50 Ala.App. 49, 276 So.2d 634 (1973), cert. denied, 290 Ala. 363, 276 So.2d 640 (1973).
Appellants say that the trial court was in error in allowing the State on rebuttal to show by the victim of the robbery that other robberies had occurred at the Zippy Mart during a period of a month or two before or after the alleged robbery in this case. However, the record shows the following:
“Q Now, Mrs. Mayo, what other robberies did occur at the Zippy Mart in the fall of that year?
“MR. DOWNS: Your Honor, may I ask a question on voir dire?
“THE COURT: Yes.

“VOIR DIRE EXAMINATION

“BY MR. DOWNS:
“Q Were you the actual victim in those robberies?
“A No I wasn’t.
“MR. DOWNS: Your Honor, unless he brings the victim up here anything she knew would be hearsay.
“DEPUTY DISTRICT ATTORNEY MOORE: Were you the manager of the store?
“A Yes, I was.
“MR. DOWNS: It would be hearsay what she heard from an employee.
“THE COURT: I will sustain.
“DEPUTY DISTRICT ATTORNEY MOORE: Your Honor, she has business records from which she made—
“MR. DOWNS: —Well, where are they? Put them on the desk here.
*454 “DEPUTY DISTRICT ATTORNEY MOORE: She is the manager, Your Hon- or.
“THE COURT: Well I sustain.”
Nothing further was asked as to other robberies in direct examination of the witness. The court’s action with reference to any defendants’ objection was favorable to defendants and furnishes no basis for appellants’ claim of error.
We have found no error in the record. The judgments of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgments of conviction and sentence as to both appellants are hereby
AFFIRMED.
All the Judges concur.