BRADLEY, Judge.
This is a workmen’s compensation case.
*1307 On December 7, 1977 Richard Leon Carr sustained a back injury which resulted from a fall in the course of his employment as a mechanic at Adventure Motors, Inc., an employer subject to the Alabama Workmen’s Compensation Act. Carr was admitted to the hospital on January 5, 1978 and was treated with neck traction for cervical and lower back pain. When he experienced difficulty with the traction because of pain, Carr was referred to another physician, and an anterior cervical fusion was later performed. The doctor who performed the surgery advised Carr in December of 1979 that he could return to work. On March 7, 1980 the workmen’s compensation benefits Carr had been receiving since the date of his accident were terminated.
Because his pain persisted, Carr consulted with Dr. Lawrence Lemak, a Birmingham orthopedic surgeon, who examined him and found that the fusion was not solid. Carr was hospitalized in Birmingham from October 29, 1980 through November 5, 1980, during which time a refusion was performed by Dr. Lemak. After the surgery subsequent procedures were performed for pain, and Carr continued to consult with Dr. Lemak through the time of the June 29, 1982 hearing on his complaint which forms the basis of this appeal. On September 30, 1982 Carr was awarded a sixty percent permanent partial disability by the Tuscaloosa Circuit Court.
In his brief Carr argues that the trial court abused its discretion by denying his motion to reopen his case and admit additional testimony. As contended, such evidence would have related to the continuation of temporary total disability benefits on the theory that maximum recovery had not been achieved and the ease was not ripe for the award of permanent partial disability benefits. This motion was filed after the conclusion of the hearing and during a time in which the trial court was awaiting briefs from the attorneys.
The nature of the evidence sought to be presented by Carr concerned the results of a CAT Scan test which had been performed by Dr. Lemak in Birmingham on June 25, 1982. Carr points out that the hearing began on June 29,1982 and that the results of this test were unknown to him at the time. He also argues that the test results were relevant to show the length and duration of his disability.
Carr takes the position that the trial court has discretion in reopening a case and hearing additional testimony before the argument has been concluded and the case submitted for decision. See Mooneyham v. Herring, 204 Ala. 332, 85 So. 390 (1920). In the instant action Carr says the argument was not closed and the case had not been submitted because the trial court was awaiting briefs from the attorneys. He further points to statements made by the trial court which indicate that it believed that it lacked the discretion to reopen the case while it was awaiting briefs.
In support of his argument that the trial court abused its discretion by denying his motion to reopen the case and hear evidence of the CAT Scan test results, Carr cites section 6-8-103, Code 1975. This section provides:
“The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe.”
We find the cited code section applicable to the case at bar and also find that it conferred on the trial court the discretionary authority to reopen the case and hear additional evidence because the argument had not been concluded. The court had called for and was awaiting briefs of counsel. Comments made by the court during the proceedings on the motion to vacate the judgment or grant a new trial strongly suggest that the trial court considered that, the case being under advisement, it was precluded as a matter of law from reopening it and taking additional testimony.
Under the supreme court’s decision in Ex parte Alabama Marble Co., 216 Ala. 272, 113 So. 240 (1927), after the argument has been completed and the case has been submitted, *1308 the trial court loses its discretionary power under section 6-8-103, Code 1975, to reopen the case and hear additional evidence. There, the court said:
“When, without fraud, a cause has been submitted on the evidence for the final judgment of the court, the trial being completed, it is the duty of the court to proceed to render an appropriate judgment according to the merits of the case. Indian Head Mills v. Ashworth (Ala.Sup.) [215 Ala. 348] 110 So. 565.
“This we think is a mandatory duty, which cannot be qualified by any theory of judicial discretion. To say that the trial court may at its discretion set aside a submission, repudiate a trial already completed, and reopen the case for another trial, would be to reduce judicial procedure to utter futility, and in practical effect deny to the unfavored litigant the right to have a trial of his case.”
However, the decision in Ex parte Alabama Marble Co., supra, does not apply in the instant action because the argument had not been closed. The trial court was waiting for the attorneys to submit briefs which would be weighed as a part of its final decision. Thus, the case remained open and the trial court should have exercised its discretionary authority under section 6-8-103, Code 1975, as to whether it would hear the results of the test.
For the foregoing reasons the decision of the trial court not to reopen Carr’s case is reversed. However, our decision is not to be construed as suggesting to the trial court in what manner its discretion should be exercised. That is, we do not presume to suggest whether the CAT Scan test results should be admitted.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs in the result.
HOLMES, J., concurs specially.