YATES, Judge,
dissenting.
The majority in this case correctly cites the law regarding the discretion of the trial court in child custody situations. I believe, however, that the majority has disregarded the law as it relates to cross-examination. As a result, I dissent.
I agree that the record, including the trial court’s order, does not state that Dr. Chudy’s report was in fact relied on by the trial court in awarding custody to the father. The following, however, is clear: that on June 16, the court ordered the report be submitted for its consideration; that on June 22, Dr. *1373 Chudy filed a report with the court; that on June 25, a custody determination was made; and that the parties were never allowed to review the report or question Dr. Chudy’s findings. These facts, considered along with the allegations raised as to the impartiality of Dr. Chudy in conducting his evaluations, mandates a new trial on the issue of custody.
Both parties in this instance raised serious allegations and presented a great deal of evidence as to the other’s fitness to have custody of the two little girls. The majority states that the record reveals substantial evidence to support the trial court’s award of custody to the father. I agree that there was evidence which would support affirmance of this decision; however, I simply cannot disregard the report which appears to have been relied upon in reaching the custody determination. Dr. Chudy’s findings, provided to the trial court, operated as a witness testifying and expressing an opinion. Therefore, I believe that the parties were entitled to an opportunity to review and challenge the findings. Careful cross-examination could have resulted in a different outcome in this case.
This court in Campbell v. Campbell, 55 Ala.App. 444, 316 So.2d 693 (1975), found it was reversible error when the trial judge relied on a letter sent to him ex parte without making this letter available to the parties and affording them an opportunity to challenge its contents. Also, when a child custody case was submitted to the trial court on ex parte affidavits, this court found it was reversible error for the court to consider this information in making its determination. Hunt v. Hunt, 51 Ala.App. 73, 282 So.2d 689 (1973). Although the facts in Hunt differ somewhat from the present case, this court went on to say that “[t]he opportunity to cross-examine a witness is of paramount importance and has been widely recognized.” Id. at 690. The supreme court makes it clear in Lomax v. Speed, 507 So.2d 455 (Ala.1987), that the right of cross-examination is a fundamental right and is not limited to criminal cases. Based on the foregoing, I believe the failure to allow cross-examination of Dr. Chu-dy’s report requires a reversal of the trial court’s custody determination.
Therefore, I respectfully dissent.